*S. M. Varnedoe* and *Wilcox & Johnson*, for plaintiff in error.
*W. E. Thomas*, solicitor-general, contra.

---

---

## JOHNSON v. THE STATE.

1. On the trial of a criminal case, where evidence has been introduced showing that immediately after the commission of the crime the accused fled from the State and that he was subsequently arrested in a distant city, it is permissible to show, as a circumstance connected with his flight and tending to strengthen its probative value as evidence of guilt, that the accused denied his identity and refused to return to this State until a requisition for him had been honored.
2. The requests to charge, so far as legal and pertinent, were covered by the charge as given; the evidence, while conflicting, was amply sufficient to warrant the conviction of the accused; and it was not error to overrule the motion for a new trial.

Submitted April 21, — Decided May 10, 1904.

Indictment for murder.    Before Judge Littlejohn.    Sumter superior court.    January 14, 1904.

*W. M. Harper*, for plaintiff in error.    *John C. Hart, attorney-general*, and *Frank A. Hooper, solicitor-general*, contra.

CANDLER, J.   The accused was convicted of murder, and was recommended to the mercy of the court.    He made a motion for a new trial, which was overruled, and he excepted.

1. The homicide was not denied ; and it appeared that after the killing the accused fled from the State and was arrested in the city of St. Louis.   An officer from Americus went to St. Louis for the purpose of bringing the accused back to Georgia ; and this officer was permitted to testify, over objection, that when he saw the accused in St. Louis the latter denied his identity and refused to come back to Georgia until a requisition for him had been honored by the Missouri authorities.    The admission of this evidence is assigned as error.    It is, of course, well settled that in criminal cases evidence of the flight of the accused may be introduced, not as proof of guilt upon which alone a conviction may be based, but as a circumstance, to be considered by the jury in connection with the other evidence in the case, to throw light upon the conduct of the accused in regard to the offense with which he is charged.    For the same purpose the events and circumstances connected with the flight of the accused are equally admissible. The accused may explain his flight, and show that it was entirely consistent with his innocence ; and in like manner the State may introduce evidence of circumstances connected with the flight, which will strengthen its probative value as tending to show the guilt of the accused.    For this reason we hold that the admission of the evidence objected to was not error.

2. Other than as set forth in the foregoing, the amendment to the motion for a new trial complains only of the refusal of the court to give in charge to the jury certain instructions requested by counsel for the accused.    Some of these requests failed to state correct principles of law.    Those which were legal and pertinent were fully covered by the general charge, which was a full and fair exposition of the law applicable to the case.    None of these grounds of the motion furnish a sufficient ground for the grant of a new trial. The general grounds of the motion, that the verdict was contrary

to law and the evidence, are equally without merit. Numerous witnesses were introduced on both sides, the majority being negroes who were present at the "entertainment" at which the trouble arose which resulted in the homicide for which· the accused was tried. As is usual in such cases, there was a hopeless conflict in the evidence of the various witnesses. The jury found a verdict which was amply sustained by the evidence; that verdict was approved by the trial judge, and we will not interfere with it.

*Judgment affirmed. All the Justices concur.*