## 38353. McKUHEN v. THE STATE.

DECIDED JULY 11, 1960.

*John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.

GARDNER, Presiding Judge. ■ Special ground 1 assigns error because it is alleged that the court erred in failing to charge that intent to steal is an essential element of the crime of larceny from the house. In *Sledge v. State,* 99 Ga. 684 (2) (26 S. E. 756), this court said: "An intent to steal is a sub-

stantive element in the commission of the offense of robbery, and a failure of the trial judge to so instruct a jury trying such a case is cause for a new trial." See also *Glaze v. State*, 2 Ga. App. 704, 708 (58 S. E. 1126). There are many other cases to the same effect. See Shepard's Georgia citations. The court erred in failing to charge the jury that intent is an essential element of the crime of larceny from the house. It follows that this special ground shows reversibe error.

■ Special ground 2 assigns error because it is contended that the court erred in the language used in instructing the jury as to the principle of law of flight. The evidence shows that the theory of flight was before the court and that the court was correct in charging on the principle of flight, even though there was evidence that the defendant was on the scene of the crime when the officers arrived to investigate the burglary. In view of the evidence before the court this assignment shows no cause for reversal. As a matter of fact, the matter of whether or not the defendant fled was a jury question, and since such question was injected into the record it was mandatory for the court to charge the jury thereon.

■ Special ground 3 assigns error because it is alleged that the court erred in charging the jury concerning the parole after the foreman of the jury had asked for a recharge in the following language: "Yes, it's the same question, your honor, that came up yesterday regarding parole. We want to know exactly what you can tell us about the parole again, and then another thing: If we gave a sentence that was the same, maximum and minimum, if you will just discuss that in general and tell us as much as you could." In response to this request the judge instructed the jury as follows: "I am sorry, but under the law, the judges of the various courts are prohibited from informing a jury about anything concerning parole. Those are matters that lie entirely with the Board of Pardons and Paroles. The only function that a jury has, the only function that the judge has, is to impose a sentence. How much of that sentence is served rests with the Parole Board, and the only thing I can tell you concerning that is that in the event you return a verdict fixing the punishment at not less than so many years, and the

defendant is sentenced to that term by you provided in your verdict, then it would lie within the authority of the proper State authorities to formulate regulations whereby the defendant might be released after serving the minimum term fixed by you in your sentence." This principle of law has been ruled on in *McGruder v. State*, 213 Ga. 259 (98 S. E. 2d 564). At page 265, et seq. of that opinion, the Supreme Court went into the question thoroughly and discussed other cases to the effect that it is reversible error for the judge to give any charge pertaining to the duties and functions of the State Board of Pardons and Paroles. There, as here, the charge was given in response to a request by the foreman of the jury for a recharge. This special ground shows reversible error.

The assignments of error set forth in the general grounds of the amended motion for a new trial are moot in view of the reversal on the special grounds.

*Judgment reversed. Townsend, Carlisle and Frankum, JJ., concur.*