## 45532.   TUCK v. THE STATE.

PANNELL, Judge. 1. This is an appeal from the conviction of the defendant for the offense of abandonment of a minor child, the child being illegitimate. The trial judge gave the following in charge: "This is a type of case that the defendant could be placed upon what is known as a—as probation, a conditional probation, providing for the support of the child." Immediately prior to the above charge, complained of by the defendant, the trial judge charged the jury: "This being a misdemeanor it would be incumbent upon the court to determine what punishment would be inflicted upon the defendant. The law provides a person guilty of a misdemeanor may be punished by fine, or imprisonment not to exceed 12 months." It is our opinion that charging the jury that the defendant could be placed on probation providing for support of the child was prejudicial to the defendant for the reason that it might have led the jury into finding him guilty because the defendant could get off without being punished, except for being required to support the child. See in this connection *McGruder v. State,* 213 Ga. 259, 265 (98 SE2d 564); *McKuhen v. State,* 102 Ga. App. 75, 76 (115 SE2d 625), involving similar charges in cases where the jury was authorized to fix the punishment and which were held error because the charge may have induced the jury, after finding the defendant guilty, to fix a heavier punishment in order to prevent the effects of parole or probation. Here we think the charges were erroneous because they might have induced the jury to find the defendant guilty because of the suggestion of light punishment.

2. Section 18 of the Act approved March 8, 1965 (formerly *Code Ann.* § 88-1118) which provided that "[c]ertificates filed under the provisions of this Act shall be prima facie evidence of the facts stated therein" was repealed by Section 2, Paragraph 56 of the Act approved March 18, 1964, enacting a new Georgia Health Code (Ga. L. 1964, pp. 499, 656; Pocket Supp. *Code Ann. Ch.* 88). Accordingly, the trial court did not err in refusing to charge the jury that the birth certificate introduced as evidence in the present case was prima facie evidence of the facts stated therein.

3. The remarks of the court made in the presence of the jury in a discussion between the court and counsel for the defendant as to the propriety of the counsel directing the defendant's attention to certain matters did not constitute improper comments upon the defendant making an unsworn statement, and if the court's statement, in denying counsel's request to instruct the defendant, to the effect that the defendant makes his unsworn statement "without benefit of counsel" were prejudicial to the defendant as contended, counsel should have made an objection to the remarks of the court at the time, either by instructions to the jury or by motion for mistrial. Not having done so, this court will not consider the enumerations of error.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*
ARGUED OCTOBER 6, 1970—DECIDED OCTOBER 15, 1970.

*Joseph E. Cheeley, G. Gibson Dean, II,* for appellant.
*Reid Merritt, District Attorney,* for appellee.