## 48470. NOLAN v. THE STATE.

EBERHARDT, Presiding Judge. "Cash" Vaughn, the deceased, and Johnnie Lankford, a son of the defendant Rosa Bell Nolan, became engaged in a fight at the coffee shop of the Jefferson Hotel on Pryor Street in Atlanta. The fight apparently arose from an argument concerning a girl named "Pinkie" whom the defendant referred to as her "play daughter." The testimony from witnesses for the state indicated that the argument was short, that the two men "went together" in a fight and that Lankford pulled a gun from a paper sack just before the fight began. The deceased, Vaughn, held Lankford's arm and the hand in which he had the gun. In the scuffle that ensued a gun was fired three or four times. The two men then went through the glass door from the coffee shop into the hotel lobby, then out onto Pryor Street and down toward the Big John beer tavern. Vaughn fell on the sidewalk and died. One witness saw Rosa Bell standing over him with a pistol in her hand pointed at Vaughn as he lay on the sidewalk, saying "I will kill you. I will kill you." Other witnesses heard a total of from five to seven shots in the coffee shop; some thought from two guns. The witnesses saw no gun in the hands of Vaughn. A .22 caliber pistol was dropped on the lobby floor by somebody, and the hotel desk clerk, who had called for the police, gave it to them when they arrived. Three .22

caliber bullets recovered from the body of the deceased were identified by a ballistics expert as having come from the pistol found on the floor of the lobby.

Another gun, a .32 caliber pistol, was found in the pocket of the deceased at the hospital. It had been fired, from inside the pocket, one time.

Rosa Bell Nolan, the defendant, testified that she had been at the Big John beer tavern when notified that her son was in a fight at the Coffee Shop and that she went up there and found the struggle going on. She asserted that the deceased pulled a gun from his pocket, which was larger than a .22 caliber, and fired it toward her, and that she, having taken her son's .22 caliber pistol from him, fired back one or more times toward Vaughn.

State witnesses asserted that Rosa Bell had been in the coffee shop when the argument started, sitting at a booth, and that during the struggle between the men she pulled a gun from her breast and fired it toward Vaughn several times.

The officers arrived shortly after the incident, but found that Rosa Bell Nolan had left the scene. She was arrested some time later at her home.

Rosa Bell was indicted for murder, but convicted of voluntary manslaughter. She filed a motion for new trial which, after amendment, was overruled, and she appeals, enumerating as error the overruling of the motion as amended, and the denial to her of counsel for prosecuting an appeal. *Held:*

1. Appellant was represented at the trial and through the denial of her motion for new trial by counsel of her own choosing, is represented on this appeal by different but competent and able counsel which she has retained, and fails to demonstrate any error because of the alleged failure of the trial court to appoint counsel for the purpose of pursuing the appeal. This enumeration is without merit. *Kellar v. State,* 226 Ga. 432, 434 (5) (175 SE2d 654).

2. The general grounds are without merit. There was ample evidence upon which the jury was authorized to return the verdict of voluntary manslaughter. Whether the defendant killed another under circumstances which would constitute murder, or whether, when confronted by the victim who she contends was armed and threatening her, she acted for reasons of justification, are all factual issues for the jury, and the court properly allowed the jury to consider voluntary manslaughter as a lesser included offense of murder. *Witt v. State,* 124 Ga. App.

535 (184 SE2d 517).

3. There was no error in the charge on flight. The contention that there was no evidence to authorize it is without merit. The police officers were notified and came with promptness to the scene of the killing and defendant had left. This was some evidence of flight which the jury was authorized to consider as a circumstance in determination of defendant's guilt or innocence. The charge was fairly given, circumscribing the evidence to its lawful limits, and there was no error. The defendant was at liberty, of course, to explain her departure from the scene and show it to be consistent with her innocence. *Johnson v. State,* 120 Ga. 135 (47 SE 510).

4. A defense relied upon was that of justifiable homicide or self-defense. Error is enumerated upon the charge of Criminal Code § 26-902 (b) upon the same ground as was urged in *Highland v. State,* 127 Ga. App. 518 (194 SE2d 332), and for the same reasons stated there we find no error here. See *Brooks v. State,* 227 Ga. 339, 342 (180 SE2d 721).

5. Error is enumerated upon failure of the court to charge upon the doctrine of reasonable fear and apparent necessity, that is to say, that the right to kill another in self-defense is not restricted to instances where the accused was put in actual danger of life or of the commission of a felony upon him by the deceased, but may be exercised when the danger is not actual if the accused, under the fears of a reasonable man, acted upon the belief that the danger was real.

The charge which appellant contends should have been given is based upon the language of Code § 26-1012 as was contained in the 1933 Code (§ 71 of the 1910 Code). This section was repealed by the adoption of the new Criminal Code in 1968. See Ga. L. 1968, pp. 1249, 1337, § 2. Consequently, the court in delivering its charge was free to select and use language in keeping with § 26-902 of the new Criminal Code which supplanted the former one and an examination of the charge reveals that this was done. Moreover, even if this case had been tried under the former Code section relative to justification or self-defense, the evidence would not have required a charge in the language indicated by this enumeration of error. The same contention was made in *Gay v. State,* 173 Ga. 793 (161 SE 603), where the facts are about as similar to those portrayed by appellant's own testimony here as one would expect to find, and the court held (p. 798): "The defendant in his statement to the jury said: 'And I looked around,

and as I did he was pulling his pistol; and I raised from my chair and gathered my shotgun, and as I brought the gun up like this and shot the gun, just as I put my hand on it he shot at me. . . and when he pulled it (the pistol) I turned for my gun which leant about ten foot away against the wardrobe, and he shot at me.' From the foregoing statement it appears that the defendant acted, not upon an *apparent danger* or upon reasonable fears, but after an *actual attack* was being made upon him by the deceased with a loaded pistol." Here appellant testified that the deceased shot a pistol toward her and that thereupon she shot back at him. This enumeration is without merit.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1973 — DECIDED SEPTEMBER 17, 1973.

*Howard, Howard & Hall, William V. Hall, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald Frost, Morris H. Rosenberg,* for appellee.