52942. HARRISON v. THE STATE.

McMURRAY, Judge.

Defendant was indicted in two counts — burglary and possession of tools for the commission of a crime. He was found guilty of both offenses and was sentenced to 10 years on the burglary offense and five years on the possession count, to run concurrently with the sentence on Count 1. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. Only two enumerations of error (Nos. 5 and 9) are argued in defendant's brief. The other enumerations of error are deemed abandoned. See Rule 18 (c) (2) (Code Ann. § 24-3618); *Manning v. State,* 123 Ga. App. 844, 845 (5) (182 SE2d 690); *Green v. State,* 223 Ga. 611 (5) (157 SE2d 257).

2. Defendant contends there was insufficient evidence to show criminal intent. The evidence shows that an electronic burglar alarm went off in an establishment which had a silent type of alarm. Police responding to the

alarm found the defendant with a screwdriver inside the building, a door having been "jimmied" open, money missing from the cash register and approximately the same amount found on the person of the defendant. Defendant was also drinking a beer belonging to the establishment. Defendant admitted entry into the building, but contends he found the door ajar and he was searching for a place to get a drink. The members of the jury are the sole and exclusive judges of the credibility of witnesses. Code § 38-1805; *Harper v. State,* 201 Ga. 10, 18 (39 SE2d 45); *White v. State,* 147 Ga. 377 (1) (94 SE 223); *Daniel v. State,* 61 Ga. App. 663, 664 (2) (7 SE2d 204). The evidence was ample for the jury to find criminal intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the defendant is prosecuted. Code § 26-605; *M. J. W. v. State of Ga.* 133 Ga. App. 350, 351 (1) (210 SE2d 842).

3. During the trial and at the commencement of the defense, defendant moved for a continuance and it was determined that a defense witness, an alleged cab driver who had driven the defendant to the premises and who had been subpoenaed, was not present and could not be located. One of the defenses of the defendant was that he had entered the building under mistake of fact for the purpose of purchasing a drink and that the absent witness, a cab driver, would testify that he picked up the defendant as a fare and drove him to several places in search of a drink and that he had carried him to the premises allegedly burglarized for that particular purpose. Defendant contends this witness' testimony would have great bearing on the defendant's intent. The court denied the motion because the required elements of Code Ann. § 81-1410 (Ga. L. 1959, p. 342) had not been met. Code Ann. § 81-1410 requires a showing that the absent witness has been subpoenaed, does not reside more than 100 miles from the place of trial by the nearest practical route, will offer material testimony, is not absent by permission, direct or indirect, of the defendant, and defendant expects he will be able to procure the testimony of such witness at the next term of court, and that such application is not made for the purpose of delay

but to enable the party to procure the testimony of such absent witness, and he must state the facts expected to be proved by such absent witness. Some of the requirements were shown, which were that the testimony was material and that the witness was absent and this was not with the permission of the defendant. However, there was no direct showing that he had been subpoenaed, that he did not reside more than 100 miles from the place of trial by the nearest practical route, or that defendant would be able to procure his testimony at the next term of court, and that such application is not made for the purpose of delay, but in order to enable the party to procure the testimony of such absent witness. All the requirements of Code Ann. § 81-1410 not having been met, the court did not err in denying the motion for continuance. See *Davis v. State,* 135 Ga. App. 584, 586 (4), 587 (218 SE2d 297); *Carroll v. Crawford,* 218 Ga. 635 (1) (129 SE2d 865).

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 13, 1976 — DECIDED NOVEMBER 1, 1976.

*Tillman, Brice, McTier, Coleman & Talley, C. George Newbern,* for appellant.

*H. Lamar Cole, District Attorney,* for appellee.