## 53921. DAVID v. THE STATE.

McMURRAY, Judge.

The defendant was convicted of aggravated assault by reason of an assault with intent to rape. The appeal here is based upon two enumerations of error, that is, a charge on flight where there allegedly was no evidence of flight, and the failure of the court to charge without request on the good character of the defendant. *Held:*

1. The uncontested evidence is that the defendant picked up the prosecutrix after her automobile developed tire trouble on the road; that he then proceeded to drive her to work; and that in the process defendant made sexual advances in which he touched her. The defendant testified that he asked her "if she would go to the bushes and she said no . . . I touched her on the leg or somewhere in there. I reached over and she pushed my hand away and wanted out of the car. She started struggling and kicking the door." The prosecutrix testified that the defendant "grabbed" her two times in her "vaginal area" and told her several times he was going to rape her. She testified that she attempted to leave the automobile, grabbed the steering wheel and the gear shift, and after the car was almost stopped, she jumped out of the car and began

running or walking up the highway towards her place of employment. Defendant was later found by investigating officers at his place of employment where the victim told them defendant worked. Although the jury may have concluded that defendant did not leave the scene due to a guilty mind, there was evidence of his departure from the scene to drive on to work after the prosecutrix left the car to walk to work. The charge on flight was therefore authorized, since the court fully instructed the jury it was to determine whether or not the defendant's departure from the scene was due to a sense of guilt or for other reasons, and if for other reasons, "no inference hurtful to the defendant should be drawn by the jury." See in this connection *Nolan v. State,* 129 Ga. App. 653, 655 (3) (200 SE2d 474); *Fountain v. State,* 149 Ga. 519, 528 (7) (101 SE 294); *Byers v. State,* 236 Ga. 599, 600 (2) (225 SE2d 26). Defendant testified he left the spot where the prosecutrix departed the automobile to proceed on to work, albeit she testified she jumped from the automobile as it slowed down and he then proceeded down the road. Thus, it became a jury question as to the reason why defendant left the scene. *McKuhen v. State,* 102 Ga. App. 75, 76 (115 SE2d 625).

2. It is well settled that good character of the accused is a substantive fact, and evidence of such character should be weighed and considered by the jury in connection with all other evidence in the case. Still, such good character of the accused is not a distinct substantive defense. *Seymour v. State,* 102 Ga. 803 (30 SE 263); *Spear v. State,* 230 Ga. 74, 76 (1) (195 SE2d 397). Generally, in the absence of a proper written request to charge on the character of the accused it is not cause for a new trial when no such charge was given, and it is only in exceptional cases where the court fails to charge relative to the good character of the accused that a new trial will be granted. *Widner v. State,* 197 Ga. 542, 545 (30 SE2d 97). The case sub judice falls within the general rule, and not within the exception. *Scott v. State,* 137 Ga. 337 (3) (73 SE 575); *Spear v. State,* 230 Ga. 74, 76, supra.

In the absence of a proper written request to charge on good character the failure of the court to charge thereon was not reversible error.

*Judgment affirmed. Quillian, P. J., Webb, Smith, and Shulman, JJ., concur. Deen, P. J., Banke and Birdsong, JJ., concur specially. Bell, C. J., dissents.*

SUBMITTED MAY 3, 1977 — DECIDED SEPTEMBER 12, 1977 — REHEARING DENIED OCTOBER 13, 1977 —

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

BANKE, Judge, concurring specially.

While I concur in the judgment and the court's opinion, I would emphasize two points pertaining to the charge on flight. First, the judge was authorized to charge the jury on flight and there was no substantive error in the charge. *McKisic v. State,* 238 Ga. 644 (234 SE2d 908) (1977). Second, even if we were to assume that the charge on flight was given in error, the error would be harmless. *Veasley v. State,* 142 Ga. App. 863 (1977).

In my opinion, the decision of the Supreme Court in *McKisic v. State,* supra, controls the disposition of this enumeration of error. In *McKisic,* the Supreme Court ruled on an allegation of error which claimed there was no evidence of flight to support the judge's charge on the law applicable to flight. In fact, evidence was presented by the state which, if believed, would support a finding of flight. The court, finding no error, upheld the charge.

Flight results when a defendant, motivated by his feelings of guilt, leaves the scene of the alleged crime. See *Smith v. State,* 106 Ga. 673 (32 SE 851) (1899). In this case it is undisputed that the defendant departed from the area where he allegedly committed the crime. He testified that he asked the prosecutrix for sexual favors; touched her "on the leg or somewhere in there"; and then "stopped the car" for her and "went back to where I work." There remained for the jury's resolution the factual issue of whether he departed the scene because he felt guilty or for other reasons.

The jury was instructed to decide first whether departure had been proved and, if so, what inferences should be drawn from his act of leaving. The jury was cautioned not to draw any inference against the defendant if they found he left the scene for reasons other than feelings of guilt.

Applying the rule of *McKisic,* there was no error in the judge's charge to the jury. "The charge did not intimate to the jury that flight had been proven but left it to the jury to determine whether there was flight, and, if so, what inference might be drawn therefrom. *McKisic v. State,* supra, p. 646.

If, arguendo, we were to assume that the judge committed error by giving the charge on flight in this case, the error would be harmless. This is because "it is 'highly probable that the error did not contribute to the judgment.' [Cit.]" *Veasley v. State,* supra, p. 865.

The admissions of the defendant at trial plus the testimony of the prosecutrix and other witnesses provided sufficient support for the jury's verdict, regardless of whether they found the defendant had fled. On the other hand, if the jury found no flight had occurred, the defendant was not prejudiced by any inference of guilt.

The requisite "causal link" between the error, if any, and the judgment would not exist. *Veasley v. State,* supra.

I am authorized to state that Presiding Judge Deen and Judge Birdsong join in this special concurrence.

BELL, Chief Judge, dissenting.

I dissent from the holding that the charge on flight was authorized by the evidence. This charge must find its evidentiary support if at all in the defendant's own testimony. He testified that after stopping his vehicle the alleged victim got out of his car and commenced walking "up the by-pass"; and then "I had to wait for two passing vehicles to pass and I pulled off and I went up where the turn is there at Webb and Crawford and I turned and went back to where I work." This is the sum total of the evidence. All it showed is that the defendant was going to his place of work. The issue of flight arises only when a person accused of the commission of crime flees to avoid arrest and imprisonment. *Smith v. State,* 106 Ga. 673 (32

SE 851). This evidence cannot conceivably raise any issue of flight. As no issue was raised by the evidence, it was error to charge on this subject. The question of defendant's guilt or innocence was a close one under the facts presented. Accordingly, it is obvious that this erroneous charge was harmful to defendant. I would reverse the judgment and authorize a new trial.