## 55585. OLIVER v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of selling a quantity of marijuana. *Held:*

1. Defendant urges error in the denial of a motion for continuance when it was shown that an alleged material witness subpoenaed by him failed to appear. Code § 81-1410 imposes requirements that must accompany an application for a continuance. Here, the defendant established only that the witness was absent without permission and had been subpoenaed. He failed to establish the requirements of the statute that the testimony was material; that he would be able to procure the witness for the next term of court; failed to state the facts expected to be proved by such witness; and that the motion was not made for delay. Having failed to fulfill the statutory requirements, there was no error in denying the application. *Harrison v. State,* 140 Ga. App. 296, 297 (3) (231 SE2d 809).

2. On cross examination, a state's witness was asked to divulge the identity of a confidential informant and the trial court on its own motion ruled that the witness did not have to answer. Elsewhere in the transcript of evidence it appears that the informer was present at the time of the sale of the marijuana to a state agent. Thus the disclosure of the informant's identity would at most only serve to furnish possible testimony refuting the agent's testimony. In *Connally v. State,* 237 Ga. 203 (227 SE2d 352) it was held that in any case where the evidence sought from the informer might possibly impeach the police, disclosure of the informer's identity was not required.

3. Defendant contends that the court erred in compelling his wife to testify against him in violation of Code Ann. § 38-1604. The defendant's wife, for reasons not clear, was called as a state's rebuttal witness. She testified concerning their former and present telephone numbers which testimony corroborated that of her husband and other defense witnesses. Code § 38-1604 provides, in part: "Husband and wife shall be competent but shall not be compellable to give evidence in any criminal proceeding

for or against each other..." Although the defendant initially objected by attempting to invoke the statute as his privilege, he apparently abandoned that and requested the court to instruct the wife as to the law governing her privilege. The court did not, merely stating: "I'll stop him if he gets into anything that's improper." Assuming that error was committed, it was harmless.

4. There was evidence which authorized the conviction. The motion for a directed verdict of acquittal was therefore correctly denied.

5. All other enumerations of error are without merit and require no further consideration.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED APRIL 10, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 20, 1978 —

*Young, Smith & Associates, Sharon Lynn Tucker,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.