### 34049. BURGESS v. THE STATE.

HILL, Justice.

In October, 1978, appellant Raymond Burgess, Michael Dixon, Michael Anthony Booker and Terri Jean

Jones were indicted in Fulton County for the murder of Danny Earl Cotton. Burgess and Jones were tried jointly; both were found guilty of felony murder and received life sentences.[1]

The evidence showed that the four co-indictees were together on the night of September 27, 1978, in Atlanta in a car borrowed by Burgess. They drove to Decatur to Michael Dixon's home and then decided to drive to Macon. They proceeded toward Macon but stopped at a motel in Henry County where the three men entered a motel room and robbed the occupants of money and a pistol.[2] They left the motel and proceeded to drive along I-285, where they picked up a young man walking home along the expressway. He testified that he sat in the back with Burgess and Jones[3] and that the driver and the passenger in the front seat asked him a number of questions about service stations, i.e., which ones in the area were open late and at which the attendants were armed. After he got out of the car, the four co-indictees proceeded to the Union 76 gas station at Paces Ferry Road. There the three men, one of whom brandished a pistol, robbed the attendant, Danny Earl Cotton, and a friend who was visiting him, and then forced Cotton to open a floor safe. They then drove away from the area, taking Cotton and his friend with them. They proceeded to the Bankhead Court apartments where all four co-indictees got out of the car; the murder victim, Danny Earl Cotton, and his friend also got out and were ordered to run for some nearby woods. As they ran, shots were fired and Danny Earl Cotton was fatally wounded.

---

[1]Michael Dixon, the alleged trigger man, pled guilty to murder. Michael Anthony Booker was tried by a jury, convicted of felony murder, and sentenced to life imprisonment. The appeal by Booker appears at *Booker v. State,* 242 Ga. 773 (1979); Jones' appeal appears at *Jones v. State,* 242 Ga. 892, post. (1979).

[2]There is some evidence suggesting an attempted rape occurred during this incident.

[3]According to statements by Burgess and Jones, Burgess was driving at this time and for the rest of the evening.

1. Defendant's first enumeration of error, that the evidence is insufficient to support the verdict, is without merit. His enumerations that the trial court erred in not granting his motions for a directed verdict made at the close of the state's case and at the close of the evidence, are also without merit. *Mitchell v. State,* 236 Ga. 251 (4) (223 SE2d 650) (1976).

2. Defendant's second enumeration of error is that the trial court erred in admitting his confession because it was not voluntarily given. Pursuant to Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the trial court conducted a hearing on this issue outside of the jury's presence and determined that the confession was voluntarily given before allowing it to be presented to the jury. The evidence presented by the state supported his determination. This enumeration is without merit.

3. Defendant enumerates as error the trial court's denial of his motion to suppress his identification by one of the victims of the motel robbery. Defendant argues that this identification was tainted by the fact that the victim attended a lineup held outside of the presence of defendant's attorney. This, however, was a pre-indictment lineup, and there is no evidence of any abuse of the identification procedures. There is no merit in this enumeration. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); *Mitchell v. State,* 236 Ga. 251 (2), supra.

4. Defendant contends that photographs of the victim's body should not have been admitted because they were not properly authenticated and because their prejudicial effect outweighed their probative value. The truth and accuracy of the photographs was testified to by three witnesses: a woman who heard the shots and discovered the body; a police officer called to the scene; and the victim's companion.[4] The pictures were all taken at the scene. There is no merit in this enumeration. *Davis v. State,* 240 Ga. 763 (6) (243 SE2d 12) (1978).

5. In enumerations 5 and 7, defendant contends that

---

[4]This witness was shown only one of the five photographs of the body.

the admission of evidence concerning the motel robbery was error in that this evidence was not admissible because it related to an independent crime and its prejudicial impact outweighed its relevance. *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775) (1974); *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974). The defendant was clearly identified as a perpetrator of that crime by the victims, and although the two armed robberies varied in that one occurred at a motel and the other at a filling station, they were closely connected in time and involved the same perpetrators. We find no reversible error in the admission of the evidence of the motel robbery. *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976); *Clemson v. State,* 239 Ga. 357 (3) (236 SE2d 663) (1977); *Woods v. State,* 240 Ga. 265 (7) (239 SE2d 786) (1977).

6. There is no merit in defendant's contention that the trial court abused its discretion in allowing the prosecutor to lead one of the state's witnesses, the alleged triggerman, Michael Dixon. Code Ann. § 38-1706.

7. Defendant's ninth enumeration of error is that the trial court erred in overruling his objection to the prosecutor's question on cross: "Didn't you drive the getaway car after Danny Cotton was killed?" Defendant contends that the use of the word "getaway" was inflammatory and highly prejudicial in that it implied that a crime had been committed by the defendant. Such implication was supported by the evidence and there is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED JANUARY 4, 1979 — REHEARING DENIED JANUARY 23, 1979.

*Arline S. Kerman,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.