## 56976. BUSH v. THE STATE.

McMURRAY, Judge.

Defendant was indicted, tried and convicted in three counts for the offenses of "kidnapping with bodily injury" (shooting her in the head with a certain gun), aggravated assault (with a certain gun, a deadly weapon), and aggravated sodomy. He was sentenced to serve a term of life imprisonment for the kidnapping with bodily injury charge; ten years for aggravated assault, consecutive to the life sentence; and ten years for aggravated sodomy, consecutive to the first two counts shown above. A motion for new trial as amended was filed, heard and denied. Defendant appeals. *Held:*

1. Based upon the decision in *Williams v. State,* 238 Ga. 244 (7) (232 SE2d 238), the charge of aggravated assault here was included in the offense of kidnapping with bodily injury as a matter of fact. Accordingly, the trial court is directed to vacate the conviction and sentence for aggravated assault. See also *Roberts v. State,* 228 Ga. 298, 299-300 (2) (185 SE2d 385). Compare *Pryor v. State,* 238 Ga. 698, 699 (2A1) (234 SE2d 918).

2. Our examination of the record and transcript here with reference to the fact that the victim was shown a number of photographs including only one photograph of the defendant shows clearly that the identification procedures in this case were not impermissibly suggestive nor did they cause a substantial likelihood of mis-identification based upon the totality of the facts and circumstances. Every case must be considered on its facts, and the due process test looks to the totality of the surrounding circumstances. See in this connection *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775). There is no merit in this complaint.

3. Nor did the trial court err in allowing a female witness to testify that she had been followed by the defendant on the same date that the crime occurred not having seen the defendant except on that date and again in the courtroom. No case has been cited that a one-on-one in-court identification is impermissible where there has been no pre-trial identification which could have tainted the court identification. In this instance this testimony was offered to refute alibi witnesses' testimony as to the whereabouts of the defendant on that date. There is no merit in this complaint.

4. The law does not confine the knowledge that a witness has of the defendant entirely to the community of the defendant's residence, for one familiar with his reputation where he practices his daily vocation may testify to that fact. *Atlantic &c. R. Co. v. Reynolds,* 117 Ga. 47 (43 SE 456); *Bennett v. George,* 105 Ga. App. 527 (12) (125 SE2d 122); *Freeman v. State,* 132 Ga. App. 742, 745 (2) (209 SE2d 127). But this association must be long enough both as to the witness' relationship with the defendant in his community to lend the value judgment credence. Here the witness clearly testified that he could not answer as to what his general reputation in the community was since he did not have any outside contacts other than on the job. Counsel for defendant was allowed to ask numerous questions with regard to his knowledge of the defendant in the City of Houston, Texas, but counsel was never able to establish the test required of general good character. In fact, the trial court never did prevent counsel from establishing the test. The court merely

restricted him from asking him about his reputation at the business and among the employees and the court was correct in stating that this was not the proper test. There is no merit in this complaint. See *Powell v. State,* 101 Ga. 9 (1), 17 (29 SE 309); *Davis v. State,* 60 Ga. App. 772, 774 (5 SE2d 89). Compare *Atlantic &c. R. Co. v. Reynolds,* 117 Ga. 47, supra; *Pethel v. State,* 89 Ga. App. 8 (78 SE2d 428).

5. The evidence here was sufficient to support the verdict, the weight and credit of said evidence being for the jury. The judgment of the trial court as to Count 1 (kidnapping with bodily injury) and Count 3 (aggravated sodomy) is affirmed. However, as decided in Division 1 above, the judgment of the trial court as to Count 2 (aggravated assault) is reversed with direction that such conviction and sentence be set aside.

*Judgment affirmed in part; reversed in part. Deen, C. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 22, 1979 — ▮▮▮▮▮▮▮▮

*Garland, Nuckolls, Kadish & Cook, John A. Nuckolls, Alton M. Adams,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.

