## 61006. BULLARD v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted for the offense of murder and convicted of voluntary manslaughter. Defendant's motion for new trial was denied and defendant appeals. *Held:*

1. Defendant's first enumeration of error raises the general grounds for new trial. The state's evidence was that the decedent was intoxicated and arguing with the defendant; that the defendant started walking up the street with the decedent following him and that the defendant turned and faced the decedent with his arm extended and a shot was fired. One of the state's witnesses heard someone say, "You don't believe I will do it," or "You don't believe I will shoot you," about the time the defendant was seen to raise his hand and shoot. The state's witnesses to the incident did not see any weapon in the decedent's hand at the time nor did they see the decedent threatening the defendant in any way.

Defendant introduced evidence of self-defense testifying that decedent was threatening him with a knife at the time he fired on the decedent. The resolution of the conflicts presented by the evidence was for the jury.

Upon our review of the trial transcript and record, we find and so hold that a rational trier of fact (the jury in the case sub judice) was

authorized by the evidence presented to conclude and find beyond a reasonable doubt that defendant was guilty of voluntary manslaughter. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

2. Two witnesses subpoenaed by defendant were not present when called to testify. Defense counsel requested that the trial court issue an attachment for the witnesses' appearances, and a recess was had during which time the sheriff's office attempted to locate the absent witnesses. The deputies were unable to locate the witnesses, and the defense counsel requested a continuance to see if they could be located in the evening hours so as to be present in court the next day. The following day the witnesses were again absent. The trial court refused to grant a further continuance to secure their presence and defendant now appeals the denial of his request for continuance, contending the requirements of Code § 81-1410 were satisfied so that the trial court should have granted the request for continuance.

One of the requirements of Code § 81-1410 is that the party show that he expects he will be able to procure the testimony of such absent witness at the next term of the court. Defendant made no affirmative showing in regard to this requirement; therefore, we cannot say the trial court abused its discretion in denying defendant's motion for continuance. *Weathers v. State,* 147 Ga. App. 64 (248 SE2d 21); *Harrison v. State,* 140 Ga. App. 296, 297-298 (3) (231 SE2d 809).

3. Defendant's third enumeration of error contends the trial court erred in admitting the state's Exhibits 7 and 8 in evidence over defendant's objection that the exhibits were photostatic copies and therefore were not the highest and best evidence of the contents of the writings. Exhibit No. 7 was a waiver of counsel form signed by defendant and Exhibit No. 8 was a statement made by defendant to law enforcement officers.

As to Exhibit No. 8, the statement of the defendant was read to the jury but was not submitted for the purpose of submitting it to the jury. The prosecution requested that Exhibit 8 be included in the record solely for the information of the appellate courts. The trial court stated that Exhibit 8 would not be sent to the jury, and there is no contention that this decision was changed. We find no error, particularly so, as defendant's only objection at trial regarding this exhibit was as to its physical submission to the jury. Defendant did not object to the document being read to the jury by the witness officer.

With reference to Exhibit No. 7, the waiver of counsel signed by defendant, there is no issue as to the contents of the writing. The writing was introduced to show that defendant had been advised of his constitutional rights. *Denson v. State,* 149 Ga. App. 453, 455 (2)

(254 SE2d 455); *Smith v. State,* 147 Ga. App. 549, 552 (2) (249 SE2d 353). There is no merit in this enumeration of error.

4. The evidence of defendant's departure from the scene of the incident authorized the trial court's charge to the jury on flight. *Nolan v. State,* 129 Ga. App. 653, 655 (3) (200 SE2d 474); *David v. State,* 143 Ga. App. 500 (1) (238 SE2d 557). There was also evidence of defendant having hidden the pistol under his mattress. *Reeves v. State,* 241 Ga. 44, 48 (3) (243 SE2d 24).

*Judgment affirmed. Banke and Pope, JJ., concur.*

DECIDED JANUARY 15, 1981 —
REHEARING DENIED FEBRUARY 20, 1981 —

*Sharon A. Shade,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.