## 67214. WRIGHT v. THE STATE.

McMURRAY, Presiding Judge.

The defendant was convicted of six counts of armed robbery of several fast food restaurant outlets. Following the denial of his motion for new trial, as amended, he appeals. *Held:*

1. Counsel for defendant, a public defender, at trial moved for a continuance contending he needed more time to interview witnesses. Defendant contends the denial of his motion violated his right to due process, effective assistance of counsel, confrontation of witnesses, meaningful access to the courts, and equal protection, that is, to be free from cruel and unusual punishment and to have the right to a full and fair hearing as provided by the various amendments of the United States Constitution and corresponding laws of Georgia. The record disclosed that the defendant had been represented by the same attorney for over six weeks. Counsel had located and interviewed the eyewitnesses and had interviewed a person who disputed the state's version of the means by which the line-up was held. He contends, however, that he had been unable to locate the police informer who had reported the defendant as the man

responsible for the robberies. The grant or denial of a continuance is in the sole discretion of the trial court. Absent a showing that this discretion has been abused it will not be controlled. See *Hill v. State,* 161 Ga. App. 346 (1) (287 SE2d 779); *Williams v. State,* 148 Ga. App. 55 (1) (250 SE2d 848); *Nix v. State,* 157 Ga. App. 406, 407 (1) (277 SE2d 768). The record here suggests, however, there was no lack of preparation or diligence on the part of defendant's counsel, and we find no merit in this complaint. See *Foster v. State,* 213 Ga. 601, 603 (1) (100 SE2d 426); *Bullard v. State,* 157 Ga. App. 606, 607 (2) (278 SE2d 26).

2. The second enumeration of error appears to be a failure to set forth a clear statement that the court erred in denying a motion to suppress the testimony of the witness identifying the defendant in court. The enumeration contends that the trial court erred when it failed "to grant the defendant's identification." There were a number of witnesses used to identify the defendant as the perpetrator of the six robberies. A courtroom identification by a witness previously viewing the defendant on the date of the crime is proper even though it is one-on-one. *Bush v. State,* 149 Ga. App. 448, 449 (3) (254 SE2d 453). This witness identified the defendant for the first time in the courtroom. Compare *Foster v. State,* 156 Ga. App. 672 (275 SE2d 745); *Daniel v. State,* 150 Ga. App. 798 (258 SE2d 604). Defendant also contends the line-up itself, where other witnesses identified the defendant, was impermissibly suggestive and there was substantial likelihood of irreparable misidentification occurring. See Neil v. Biggers, 409 U. S. 188, 198-199 (93 SC 375, 34 LE2d 401). However, we find no reversible error here in the in-court identification of the defendant. There was no courtroom identification as a result of state action in sending the witnesses in to find the defendant. See *Mangrum v. State,* 155 Ga. App. 334 (270 SE2d 874); *Herron v. State,* 155 Ga. App. 791, 793 (3) (272 SE2d 756); *Ambros v. State,* 159 Ga. App. 492 (2) (283 SE2d 706). Further, there was no right to counsel at a pre-indictment line-up as the defendant contends. See *Burgess v. State,* 242 Ga. 889, 891 (3) (252 SE2d 391). This enumeration of error is not meritorious.

3. During the trial the defendant sought to prove by certain evidence the defendant's financial standing during the time of the robbery was such that he had not benefited financially in anyway. Such evidence was his wife's use of food stamps, his unemployment claim and benefits and the type of motor vehicle the defendant could have bought as opposed to the modest down payment of $150 for a vehicle he purchased and that he was represented by the public defender and not by a private attorney at any stage of the proceedings. Defendant contends all of this evidence was relevant by

reason of *Walker v. State,* 156 Ga. App. 842 (275 SE2d 755), wherein the defendant in that case was gambling at a dog track in Florida and displaying large sums of money, the same being an embezzlement case. However, the trial court did not prevent or exclude such evidence of the defendant's financial standing although the court did curtail and limit the scope of the examination of the witnesses here. It is noted that when defense counsel was given a suitable opportunity to perfect the record, he failed to do so and we find no reversible error. We find no abuse of discretion which would allow this court to control the trial court's discretion in this instance. See *Sullivan v. State,* 222 Ga. 691, 693 (2) (152 SE2d 382), and cases cited therein; *Miller v. State,* 155 Ga. App. 587 (3), 588 (271 SE2d 719).

*Judgment affirmed. Shulman C. J., and Birdsong, J., concur.*

DECIDED DECEMBER 1, 1983.

*Derek H. Jones,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.