### 71048. BROCK v. THE STATE.
(339 SE2d 403)

BIRDSONG, Presiding Judge.

The defendant, Ronnie Brock, appeals from his conviction for the offense of burglary. Lorita Stevens stated that the defendant had attempted to date her several times but she had refused his advances. After receiving a call from his wife, she told him she wanted nothing further to do with him. She found two tires on her car had been slashed and her mobile home had been burglarized. She asked her neighbors if they had seen anyone around her mobile home and they said a man driving a black Monte Carlo, with primer paint on it, had been there. The defendant has a black Monte Carlo with primer paint on the body. The neighbor had taken down the license number of the car. It was identified as belonging to a car registered to defendant's wife. Both neighbors identified the defendant as the driver of the car at the victim's mobile home. Ms. Stevens said the defendant had called her and said that if she would drop the charges he would see that her stolen property would be returned. The investigating police officer said that after he had advised Brock of his *Miranda* rights, Brock told him he did not commit the burglary but he would see that Ms. Stevens' property would be returned if the charges were dropped. Brock testified at trial that Robert Pace had committed the burglary.

Robert Pace had been subpoenaed for the trial and had been in court several days prior to the trial, but when the case was sounded for trial, Pace could not be located. Counsel requested a continuance, which was denied. The jury returned a verdict of guilty and defendant brings this appeal. *Held:*

Defendant enumerates but one error, the denial of his motion for a continuance. When the subpoenaed witness could not be located, counsel requested a continuance and stated: "His testimony is material to this case. It's my client's position that this man, Robert Pace, is the one who actually committed the crime, and that he's not the one who committed the crime.

"THE COURT: You expect him to testify to that, that he committed the crime?

"[DEFENDANT'S COUNSEL]: I don't have any idea what the man is going the [sic] testify to, I never talked with him. That's what my client tells me is going to happen. The next thing is that the applicant expects he will be able to procure the testimony of a witness the next term of court. I think I can get him here tomorrow."

A motion for a continuance addresses itself to the sound discretion of the trial court (OCGA § 17-8-22; *Felts v. State*, 244 Ga. 503, 506 (260 SE2d 887)), and an appellate court will not interfere "unless it is clearly shown that he has abused his discretion." *Alderman v. State*, 241 Ga. 496, 503 (246 SE2d 642). Where the basis for the motion is the absence of a witness the applicant must make a showing of the eight grounds stated in OCGA § 17-8-25. "Where the moving party fails to make a proper showing of the requirements set forth in Code Ann. § 81-1410 [now OCGA § 17-8-25], the denial of a continuance motion cannot be said to be an abuse of discretion." *Alderman v. State*, supra at 503.

Even if we consider that counsel has shown that the witness is absent, that his testimony is material, that he has been subpoenaed, the facts expected to be proved by the missing witness, and he will have the witness present by the next term of court, the remaining three elements have not been shown, i.e., the witness does not reside more than 100 miles from the place of trial by the nearest practical route, that the witness is not absent by the permission directly or indirectly of the applicant and that the motion for continuance is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness. *Harrison v. State*, 140 Ga. App. 296, 297 (231 SE2d 809).

In failing to make the required showing of all of the requirements of the code, the trial court cannot be faulted for refusing to grant the motion for a continuance. *Alderman v. State*, supra; *Harrison v. State*, supra; accord *Oliver v. State*, 146 Ga. App. 798 (1) (247 SE2d 487); *Harris v. State*, 142 Ga. App. 37, 39 (234 SE2d 798). See *O'Neal v. State*, 254 Ga. 1, 2 (325 SE2d 759), for applicant failing to use due diligence in ascertaining the expected testimony of the missing witness.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

432

*Marshall M. Bandy, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney*, for appellee.