*Roger Queen, District Attorney*, for appellee.

## 73486. CAMPBELL v. THE STATE.
### (354 SE2d 3)

SOGNIER, Judge.

Campbell appeals from his conviction of child molestation. In his sole enumeration of error appellant contends the trial court erred by granting, ex parte, the State's motion for a continuance.

The record discloses that on December 3, 1985, the grand jury of Tift County, Georgia, returned an indictment charging appellant with seven counts of child molestation. On December 10, 1985, appellant filed a motion pursuant to OCGA § 17-7-210 (a) to require the State to provide appellant copies or summaries of all statements made by him while in police custody. On December 16, 1985, a jury was selected for trial of this case and was told to return on December 19, 1985, for trial. However, the jury selected was never empaneled and sworn. About 4:00 p.m., December 18, 1985, the prosecuting attorney was interviewing a social worker who would be a State witness and learned for the first time that appellant had telephoned the witness while appellant was in police custody and had a conversation with her about appellant's case. The prosecuting attorney immediately attempted to contact appellant's counsel to advise him of the conversation, but was unable to reach him until about 7:00 p.m. The prosecuting attorney advised appellant's counsel of the conversation appellant had with the social worker, and also advised appellant's counsel that he (the prosecutor) was going to contact the trial judge and seek a continuance in order to comply with the ten-day notice rule required by § 17-7-210, supra. Although appellant's counsel did not agree to the continuance he voiced no objection to the prosecuting attorney talking to the judge. About 9:00 p.m. the prosecuting attorney reached the trial judge and informed him that the State needed a continuance, giving his reasons therefor. Due to an apparent misunderstanding between the attorneys, the trial judge assumed from his conversation with the prosecutor that both attorneys agreed to a continuance, and shortly after 10:00 p.m. the judge, through the prosecuting attorney, directed the clerk of court to contact the jurors and tell them not to appear the following morning. This was done and the following morning a full hearing was held on the State's motion for a continuance. Appellant's counsel was present at the hearing and after a recitation of the facts set forth above, the trial court re-affirmed its grant of a continuance. Appellant's counsel acknowledged at the hearing that there was no attempt at subterfuge by the prosecuting attorney.

Under the circumstances here, we find no error in granting the continuance ex parte, particularly where the court held a full hearing on the motion the following morning. The grant or denial of a motion for continuance is within the sole discretion of the trial judge, and absent a showing that such discretion was abused, it will not be controlled. OCGA § 17-8-33 (a); *Wright v. State*, 169 Ga. App. 181, 182 (1) (312 SE2d 181) (1983). We find no abuse of discretion here. The continuance was granted to assure that appellant's rights under OCGA § 17-7-210 were protected. This court has held that the code provisions relating to continuances address themselves "to that broad discretion which looks primarily to the attainment of justice under the special facts of the particular case, — a discretion unfettered by the exact letter of the law." *Smith v. State*, 7 Ga. App. 252, 257 (2) (66 SE 556) (1909).

In connection with this enumeration of error appellant contends he was harmed by the fact that he was not tried until March 25, 1986, and was not tried by the same jury that had been selected on December 16, 1985 for the trial of this case. As pointed out earlier, the jury selected on December 16, 1985 was not empaneled and sworn. Appellant made no objection to trial by a different jury when such jury was selected, and made no motions in connection with any undue delay in the trial of his case. It is well settled that this court will not consider matters raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985). Accordingly, we find no error.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED FEBRUARY 16, 1987.

*Larry B. Mims*, for appellant.
*David E. Perry*, District Attorney, *Diane L. Perry*, Assistant District Attorney, for appellee.