A89A1608. BURGESS v. THE STATE.
(390 SE2d 92)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of child molestation. In *Burgess v. State*, 189 Ga. App. 790 (377 SE2d 543) (1989), we affirmed appellant's conviction, but remanded the case to the trial court for further proceedings regarding the State's use of its peremptory strikes against black prospective jurors. In compliance with this remand, the trial court conducted a hearing wherein the State was required to explain the use of its peremptory strikes. After the hearing, the trial court entered an order finding that "the State's reasons for striking black jurors are racially neutral." Appellant appeals from this order.

" 'In order to rebut a prima facie case of racial discrimination in

the exercise of peremptories, the prosecutor must explain each peremptory challenge of a black prospective juror. The explanation "need not rise to the level justifying exercise of a challenge for cause," but it must be "neutral," "related to the case to be tried," and a " 'clear and reasonably specific,' explanation of his 'legitimate reasons' for exercising the challenges." (Cit.) The explanation offered for striking each black juror must be evaluated in light of the explanations offered for the prosecutor's other peremptory strikes, and, as well, in light of the strength of the prima facie case. The persuasiveness of a proffered explanation may be magnified or diminished by the persuasiveness of companion explanations, and by the strength of the prima facie case.' [Cit.]" *Bess v. State*, 187 Ga. App. 185 (1) (369 SE2d 784) (1988).

Of those four instances in the present case wherein black prospective jurors were peremptorily stricken by the State, appellant concedes that a racially neutral explanation was given for three. In the one remaining instance, the State's explanation for its use of a peremptory strike was that the prospective juror knew the mother of the victim. Because the mother of the victim "was taking the side" of appellant against her own child, the State elected to use one of its peremptory strikes against this prospective juror.

Appellant urges that a purported friendship with the victim's mother does not suffice as a racially neutral explanation because the transcript in this case does not demonstrate that the State ever raised this issue during its voir dire of the prospective juror. However, the record likewise does not demonstrate that the State did *not* question the prospective juror on voir dire as to this issue. Voir dire was not transcribed and the post-trial hearing was conducted based upon recollection. There is no requirement that the State's racially neutral explanation for its use of peremptory strikes be supported by a transcript of voir dire. See generally *Glanton v. State*, 189 Ga. App. 505 (2) (376 SE2d 386) (1988); *Hillman v. State*, 184 Ga. App. 712 (1) (362 SE2d 417) (1987). "In this case, there is no contention that anything in the record would show that the prospective juror was *not* [a friend of the victim's mother]. Accordingly, it cannot be said that the explanation . . . , even if based upon mistake or ignorance, was whimsical or fanciful. [Cit.]" (Emphasis in original.) *Bess v. State*, supra at 187 (1).

Even assuming that the State's racially neutral explanation was relatively "weak," the trial court was nevertheless authorized to find that appellant's prima facie showing of discrimination had been rebutted. "A court charged with the duty of determining whether the prosecutor has rebutted a prima facie case may be less troubled by one relatively weak explanation for striking a black juror when all the remaining explanations are persuasive than where several of the pros-

ecutor's proffered justifications are questionable." *Gamble v. State,* 257 Ga. 325, 327 (5) (357 SE2d 792) (1987). "[T]he challenge here [was] not based upon race, but upon the fact that the juror knew the [mother of the victim and was possibly prejudiced against the State], which is a racially-neutral basis, and the trial court found no merit to the motion. That finding is due great deference and 'will be affirmed unless clearly erroneous.' [Cit.] The trial court's ruling cannot be found clearly erroneous when the challenge is not based upon racial grounds, but upon the racially-neutral grounds that prosecutors use every day in every court of this [S]tate. [Cits.]" *Glanton v. State,* supra at 507 (2).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 8, 1990.

*David F. Dickinson,* for appellant.
*John M. Ott, District Attorney,* for appellee.