A92A0352. CLAYTON et al. v. THE STATE.
(418 SE2d 610)

BIRDSONG, Presiding Judge.

Johnny Ray Clayton and Kenneth Jerome Washington appeal their convictions of armed robbery and their sentences. A motel was robbed by two black males. Appellants were apprehended several minutes later, approximately four or five miles from the crime scene. The victim (assistant manager) was transported to the crime scene and positively identified appellants as the perpetrators. One appellant had a gun in his possession similar in appearance to the gun used in the robbery. The money from the robbery was not found in appellants' possession. Subsequently, at the police station, the victim was shown mug shots of the two appellants, but of no other persons, and again positively identified appellants as the perpetrators. At trial the victim and certain police officers testified as to these out-of-court identifications by the victim. The victim testified that she was positive of her out-of-court identifications when they were made. However, she could not make a positive in-court identification of appellants due to the approximate one-year time lapse since the crime. The victim testified at trial that although she believed appellants to be the perpetrators she was not sure. *Held*:

1. Appellants, citing *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), asserts the trial court erred in allowing the State, over timely objection, to strike the only black juror in the trial of the two black co-defendants.

Pretermitting the question whether a prima facie case under *Batson* has been established is the question whether the State met its burden of establishing a racially-neutral basis for its strike of the juror. The State explained its peremptory challenge of the only black juror as follows: (a) that during voir dire (which both the State and appellants elected not to have transcribed) the juror stated several

times he could not be fair and impartial before finally replying to a question asked by the court that he could so act; and, (b) that the juror was aware that the Cobb County District Attorney's office was "responsible for prosecuting" a potential abandonment case against him. The State further asserted on the record, without controversion, it had previously requested the court to strike the juror for cause. The trial court concluded the *Batson* rule had not been abridged after placing upon the record its perceptions of the juror's questioned responses on voir dire and finding, as fact, that the State's exercise of a strike against the juror "was not done in any racially discriminatory manner." "[T]he trial court's determination that the prosecutor successfully rebutted the prima facie case is entitled to 'great deference.'" *Stripling v. State*, 261 Ga. 1, 5 (4) (401 SE2d 500). A trial court's ruling cannot be found clearly erroneous when the challenge is not based upon racial grounds, but upon those specific, racially-neutral grounds that prosecutors legitimately use every day in our courts. *Burgess v. State*, 194 Ga. App. 179, 181 (390 SE2d 92).

2. Appellant asserts error by the trial court in charging flight over timely objection, and absent any evidence thereof.

(a) This case was tried November 7-9, 1989. *Renner v. State*, 260 Ga. 515 (3) (397 SE2d 683) applies only to cases tried after January 10, 1991. Id. at 518 (3 b), n. 2. The holding in *Renner* clearly is prospective in nature and has no application to the case at bar. *Ezzard v. State*, 261 Ga. 744 (412 SE2d 839) (1991).

(b) We disagree with the State's appellate claim that the issue of flight was reasonably raised by the conduct of the appellants *after* they were observed by the police. The record in its totality does not reasonably raise flight at that point in time. In fact, the State conceded on the record that if you exclude the fact the appellants "fled the scene from Knights Inn" that "there is no flight in the case." However, the testimony of the victim (assistant manager) asserts that after the perpetrators seized the money they left the crime scene leaving change in the cash drawer and with one of the perpetrators jumping over an office railing on his way out the door. This testimony is sufficient, under the law existing before the effective date of *Renner*, to raise reasonably an issue of flight. It was not error to charge on flight. *Nolan v. State*, 129 Ga. App. 653, 655 (3) (200 SE2d 474).

3. Appellant enumerates "the court erred in allowing over objection the victim's 'show-up' identification of both defendants simultaneously *as* there was no other direct evidence of guilt, and defendants had alibis." (Emphasis supplied.) However, appellants, relying on the precedent of *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401), argue in their brief that the "show-up" identifications were too suggestive in this case under the totality of the circumstances. To the extent that appellants now attempt to assert that the pretrial identifi-

cation procedures were too suggestive and imply that a due process violation has occurred within the meaning of *Biggers*, supra, they have presented no issue upon which we can rule in this appeal. This issue is not reasonably contained within the scope of the enumeration of error. An enumeration of error cannot be enlarged to include issues not made therein. *Reese v. State*, 139 Ga. App. 630, 631 (3) (229 SE2d 111). Moreover, an enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration. That is, one cannot expand the scope of review or supply additional issues through a process of switching, shifting, or mending your hold. *Rigenstrup v. State*, 197 Ga. App. 176 (2) (398 SE2d 25).

4. Appellants assert the trial court erred in denying defendants' motion for new trial on newly discovered evidence, and because certain testimony could not be read back to the jury as they requested.

(a) Pretermitting the question whether the trial court abused its discretion in proceeding with the trial without requiring a reading back of the testimony is the question whether appellants acquiesced or contributed to the procedure that was used. The record shows that the trial judge offered to hold the case over until Monday when the first court reporter could be present to read back the testimony requested to be heard by the jury. Thereafter, an off-the-record bench discussion was held between counsel and the judge. Following the discussion, the trial judge gave each attorney five minutes to argue the contents of the questioned testimony to the jury. Appellants' counsel participated in this procedure without posing any objection on the record, and the jury thereafter indicated it was ready to continue its deliberations. Because appellants did not object below to the procedure used by the trial court, he may not complain of it now. See *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691). Further, one cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing. *Wilburn v. State*, 199 Ga. App. 667, 669 (2) (405 SE2d 889).

(b) Regarding the issue of newly discovered evidence, appellants have failed to identify in their brief the evidence in issue or cite this court to the transcripts where this evidence could be found. This court will not cull the record on behalf of either the State or appellants. *Talley v. State*, 200 Ga. App. 442, 446 (4) (408 SE2d 463). However, our examination of the trial record does reveal that an issue was litigated regarding whether a 911 emergency system dispatch card, which included therein a certain description of the perpetrators, constituted newly discovered evidence. The record, however, establishes that Officer Waddell on cross-examination testified as to the existence of the dispatch cards or case cards used by the 911 emergency system, thereby placing appellants on notice at trial of the existence of the

document. The record does not reflect that appellants ever requested a continuance or any other form of relief in order to examine or obtain the dispatch cards. Further, at the hearing on the motion for new trial, appellants' counsel conceded that it was Officer Waddell who "said to check the dispatch card. Perhaps something I should have thought of on my own." Thus, the record establishes that the dispatch cards did not constitute newly discovered evidence, within the meaning of *Timberlake v. State*, 246 Ga. 488, 490 (1) (271 SE2d 792), as the evidence had not come to appellants' attention since trial and, additionally, there had been an inadequate showing that it was not owing to the want of due diligence that appellants did not acquire the evidence sooner.

5. The trial court did not err in denying appellants' request to charge regarding the absence of the 911 tape. Examination of the record reveals that the oral request to charge was both inaccurate and confusing. " 'If any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request is proper.' " *Jones v. State*, 200 Ga. App. 519, 521 (2 c) (408 SE2d 823). Moreover, the requested charge clearly is based on OCGA § 24-4-22; this statute is not applicable in criminal cases. *Radford v. State*, 251 Ga. 50, 53 (7) (302 SE2d 555).

6. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that each appellant was guilty of the armed robbery as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgments affirmed. Andrews, J., concurs. Beasley, J., concurs in Divisions 1, 2, 4, 5, 6, and the judgment.*

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 8, 1992 —

*Ben W. Beazley*, for appellants.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.