## MILLS *v.* THE STATE.

1. Malice is an essential ingredient of the crime of murder, and need not have existed any length of time previous to the infliction of the mortal blow. The charge of the court conveyed this idea, but was expressed in language that might be misconstrued by the jury.

2. The charges on the subject of voluntary manslaughter were erroneous in that they commingled the law of self-defense under Penal Code, § 73, and defense of person under Penal Code, §§ 70 and 71, with the law of voluntary manslaughter.

3. When the defendant's statement authorizes an inference that the deceased was slain while he and the defendant were engaged in mutual combat, it is not error to give in charge Penal Code, § 73.

4. The failure of the court to give in charge the legal definition of the word "felony," appearing in Penal Code, § 70, which section was given in charge, is not error requiring a new trial.

5. In a criminal case the court should not give in charge Penal Code, § 989. to the effect that the omission to produce evidence within a party's reach to repel a charge raises a presumption that the charge is well founded. In all criminal cases the burden is on the State to establish the defendant's guilt beyond a reasonable doubt.

Argued July 19,—Decided August 11, 1909.

Indictment for murder. Before Judge Park. Grady superior court. May 31, 1909.

*Ledford & Terrell,* for plaintiff in error.

*John C. Hart, attorney-general, William E. Wooten, solicitor-general,* and *Reuben R. Arnold,* contra.

EVANS, P. J. Will Mills was convicted of murder, and was refused a new trial. In his motion for new trial he excepted to several excerpts from the court's charge, among which are the following: That in the fifth ground is, "The malice that the law speaks of, in relation to the killing, is that kind of malice that lives in the flash of the pistol, and the gleam of the blade. It has not to be of longer deliberation than that." That in the fourth ground is, "In relation to voluntary manslaughter, gentlemen, if you should believe from the evidence, along with the statement of the defendant, that at the time the shot was fired that killed the deceased, that the deceased was advancing with a deadly weapon, one likely to produce death, or was about to commit a felony upon the defendant, and that he shot to save his own life, and that he didn't act under the fears of a reasonable man at the time, it could be reduced from the grade

of murder to the grade of voluntary manslaughter." That in the seventh ground is, "If you believe at the time of the killing he shot—taking into consideration the sworn testimony, and the statement of the defendant, and all the circumstances—believing his life was in danger, but that he didn't act under the fears of a reasonable man, it would reduce it to voluntary manslaughter." He also complains that the court erred in giving in charge Penal Code, §73, and in omitting to define the word "felony" as used in Penal Code, §70.

1-4. The instructions contained in the fourth and seventh grounds of the motion are erroneous, in that there is a confusion of the law of self-defense and defense of person with the law of voluntary manslaughter. The defendant's statement presented the theory of mutual combat between the accused and the deceased, and the court did not err in charging section 73 of the Penal Code. The rulings in the headnotes 1 to 4 do not require further elaboration.

5. Exception is taken to the following instruction of the court: "When a party has evidence in his power (this, gentlemen, applies to both sides of the case or to either side) and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well-founded; but this presumption may be rebutted." This instruction, discarding the parenthetical interpolation, is an exact reproduction of Penal Code, §989. This section of the Penal Code is in the identical words of Civil Code, §5163. It is contended that this section should not be given in charge in a criminal case. From the marginal notes to the Civil Code section it appears that it was a codification of the principle announced in four decisions of this court. Two of these cases (*Savannah etc. R. Co.* v. *Gray,* 77 *Ga.* 443 (3 S. E. 158) ; *First National Bank* v. *Atlanta Rubber Co.,* Ib. 781) were civil cases, in the first of which, upon the authority of Starkie on Evidence, it was said: "It seems to be well-settled, in judging of the comparative weight of evidence, that where a party has evidence in his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, this supplies a presumption of fact that the charge or

claim is well-founded." The other two references are to criminal cases. In that of *Mitchell* v. *State,* 71 *Ga.* 128, a new trial was granted, and Hall, J., delivering the opinion of the court, adverted to the rule laid down by Mr. Starkie, and gave as a reason why the judgment should be reversed, on account of certain errors committed by the court, that the State had failed to introduce certain available evidence in rebuttal of that offered by the defendant, which might justify an inference that the proof was withheld because it would have seriously damaged the case of the prosecution. In the other case (*Stevenson* v. *State,* 83 *Ga.* 575 (10 S. E. 234)) the defendant was convicted of keeping a gaming-house. The evidence adduced by the State showed, among other things, that at the time the house was raided by the police several persons were present, apparently engaged in gaming, which persons were accessible as witnesses, and could have been introduced by the accused if he had been willing to abide by their testimony. In discussing the effect of the inculpatory evidence introduced by the State, it was said that the defendant's failure to produce these witnesses, who were within his reach, "could well be considered by the jury as adding strength and force to the prima facie case made by the State." This court has held that the absence of a witness who is competent and cognizant of relevant and material facts is a proper subject of comment in the argument of counsel before the jury. *Morgan* v. *State,* 124 *Ga.* 442 (52 S. E. 748), and cases cited. In *Harper* v. *State,* 129 *Ga.* 770 (59 S. E. 792), it was ruled, in a homicide case, where the State relied upon circumstantial evidence and the dying declarations of the deceased to support a conviction, and omitted to offer a witness who was present at the scene of the homicide but who was not shown affirmatively to have witnessed it, that it was not error for the court to refuse to give in charge Penal Code, §989. In *Long* v. *State,* 126 *Ga.* 109, which was also a homicide case, where the defendant introduced no testimony, but relied alone upon his statement, and it appeared that there was an eye-witness who was accessible, it was ruled that it was error requiring a new trial to give this section in charge. A diligent investigation fails to disclose any case where it has been ruled that it was proper to give in charge to the jury, in a criminal case, section 989 of the Penal Code. We can hardly conceive of a criminal case where an instruction in the

language of this code section would be authorized. In *Knox* v. *State,* 112 *Ga.* 373, a majority of the court held that it was improper for the State's counsel, in his argument to the jury, to comment upon the absence of a child who was present at the scene of the crime, and who by reason of her tender years was an incompetent witness, although the child was a daughter of the accused, and apparently in his power to produce on his trial. In the specially concurring opinion of Little, J., he said: "While presumptions arise under certain proved facts that a criminal charge against the accused is well-founded, such presumption can never arise except upon proved facts; and the principle given to the jury [viz., that stated by the court in his charge, substantially in the language of Penal Code, § 989] is, in my opinion, entirely inapplicable to criminal cases. In effect, it tells the jury that if the defendant had evidence by which he might repel or rebut the charge and failed to introduce it, the presumption then arises that he is guilty. This violates the fundamental principle of criminal law that the guilt of the accused must be shown by competent evidence, before a conviction can be legally had. One accused of crime has a right to stand mute; and unless it affirmatively appears by the evidence that he is guilty, he can not be legally so held. The presumption of the law is that he is innocent, and this presumption remains until he is proved to be guilty." We fully concur with the learned Justice in the quoted extract. If the court should deem it necessary to instruct the jury in a criminal case upon the failure of the defendant to produce evidence, he should certainly go no further than to charge that a conscious omission to produce accessible and competent evidence peculiarly within the power of the defendant to produce may be considered by the jury in weighing the testimony, in reaching the conclusion as to whether the defendant's guilt has been established beyond a reasonable doubt. An instruction in the language of Penal Code section 989 is susceptible of being understood by the jury as meaning that if the defendant fails to produce competent, relevant, and material evidence within his reach, his omission to produce it would afford a presumption of guilt of the crime charged. Perhaps the leading case on this subject in America is that of State *v.* Grebe, 17 Kansas, 458. In that case the jury were instructed that they "should not find the defendant guilty be-

cause he may have no evidence to show his whereabouts at the time the offense charged is alleged to have been committed, nor to show where, and from whom, he received any of the money spoken of by witnesses, nor will they presume that his character is bad simply because he has offered no testimony of his good character; but where evidence which would rebut or explain certain facts and circumstances of a grave and suspicious nature is peculiarly within the defendant's knowledge and reach, and he makes no effort to procure that testimony, the jury may very properly take such fact into consideration in determining the prisoner's guilt or innocence." This instruction was upheld; but it will be observed that the jury were not charged that a failure to produce material evidence in the power of the defendant would afford a presumption that the charge against the defendant was well-founded, but, on the contrary, the jury were told that the omission to supply evidence of this character could be considered by them in determining the prime question in every criminal case, viz., the guilt or innocence of the defendant. The present case demonstrates the correctness of our conclusion. The defendant was charged with the crime of murder, the homicide occurring early in the morning at a sawmill. Four persons were shown to have been in close proximity to the scene of the homicide at the time the fatal shot was fired. Three of these were sworn as witnesses by the State. The other was not sworn. The defendant introduced no testimony, and relied upon his statement, wherein he gave his account of the tragedy, differing in important particulars from that given by the State's witnesses. The jury could infer, from a bare reading of the code section, that the omission of the defendant to produce the other person would afford a presumption that the charge against the defendant was well-founded. In effect this is a reversal of the rule respecting the burden of proof, which the law casts upon the State in every criminal case, namely, that, before a conviction can be had, the defendant's guilt must be made to appear beyond a reasonable doubt.

*Judgment reversed.    All the Justices concur.*