### 5401. MIXON v. THE STATE.

RUSSELL, C. J. 1. As a general rule, the provisions of sections 70 and 71 of the Penal Code should not be charged in immediate connection, but in the present instance it does not appear that the error was harmful to the accused, not only for the reason that the defendant did not rely upon the doctrine of reasonable fears as his defense, but also for the reason stated in the third paragraph of this decision.

2. The court gave the following instructions to the jury: "I give you in charge another section, which you are to consider separately and distinctly from the law already charged you with regard to justification on account of reasonable fears, known as the law of mutual combat; that is, where two persons agree, by their conduct or by their words, to fight, then this section is applicable. If a person kill another in his defense, it must appear that the danger was so urgent that at the time of the killing, in order to save his own life or to prevent a felony from being perpetrated upon his person, the killing of the other was absolutely necessary, and it must appear that the person killed was the assailant, or that the slayer did really and in good faith endeavor to decline any further struggle before the mortal blow was given." The evidence authorized these instructions, and they were not subject to the exception that they confused the law of justifiable homicide with the law of voluntary manslaughter, or that they "led the jury to believe that they must consider this charge separately and distinctly from the law of reasonable fears, but that they must consider it as a part of the law of justifiable homicide."

3. In instructing the jury that the law does not prescribe any definite time for the existence of malice, it was inapt and inappropriate to say: "Malice may be manifested in the flash of the gun or the gleam of the blade. If that intention (the intention to unlawfully take human life

where the law does not excuse or justify) is established by the proof, then legal malice is established, and you would be authorized to find that it existed." But since the charge as a whole is not specified by the plaintiff in error or sent up as a part of the record, it must be presumed that the court, in the context of the charge, correctly instructed the jury and cured the error in the statement to which we have referred; and this court can not determine that this charge confused the jury, or misled them into believing that there was something inherent and all-powerful in the "flash of the gun or the gleam of the blade." *Leonard v. State*, 133 *Ga.* 435, 437 (66 S. E. 251); *Mills v. State*, 133 *Ga.* 155 (65 S. E. 368). The entire charge must be considered in order to ascertain whether there were sins of omission or of commission. "A charge, torn to pieces, and scattered in fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound." *Brown v. Matthews*, 79 *Ga.* 1 (4 S. E. 13). "Isolated portions of the charge excepted to can not be intelligently considered in the absence of the entire charge." *Franke v. Berkner*, 67 *Ga.* 264.

4. In the absence of a timely and appropriate written request for instructions, the trial judge was not required to specifically direct the attention of the jury to the scope and effect of the proof in support of the defendant's contention that one of the witnesses for the prosecution was at a place several miles distant from the scene of the homicide, at the time it was committed, and was not then present as he had testified; nor to evidence as to disparity in the size and strength shown to exist between the accused and his alleged assailant. The same ruling applies to the complaint that the court failed to specifically refer to the evidence as to threats.

5. The evidence authorized the verdict, and there was no error in refusing a new trial. 　　　*Judgment affirmed. Roan, J., absent.*
　　　DECIDED SEPTEMBER 23, 1914.

Conviction of manslaughter; from Johnson superior court— Judge Hawkins. November 26, 1913.

*J. L. Kent, B. B. Blount,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.