## 10553.   CAMPBELL v. THE STATE.

1. The bill of exceptions containing no exception to the judgment over-ruling the demurrer to the indictment, and there being no assignment of error upon the exceptions pendente lite complaining of that judgment, the exceptions pendente lite can not be considered by this court. *Kent* v. *State*, 18 *Ga. App.* 30 (82 S. E. 762).

2. Under the facts of the case the court did not err in refusing to declare a mistrial because of loud and general applause in the court-room during the trial.

3. This court and the Supreme Court have repeatedly ruled that an assignment of error based upon the refusal of the court to allow a witness for the movant to answer a certain question will not be considered, where it does not appear that the trial judge was at the time apprised of what answer was expected from the witness. This ruling disposes of the 2d and 3d special grounds of the motion for a new trial.

4. Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial which complains of the exclusion of documentary evidence will not be considered, unless such evidence is set forth in the ground or attached thereto as an exhibit. Under this ruling the 4th special ground of the motion for a new trial will not be considered.

5. The evidence amply authorized, if it did not demand, the verdict, and the court did not err in overruling the motion for a new trial.

DECIDED JULY 23, 1919.

Indictment for cruelty to child; from Cobb superior court—Judge Morris. April 12, 1919.

Mrs. Naomi V. Campbell was indicted under section 758 of the Penal Code of 1910. From the evidence it appeared that she conducted what was called "The Undenominational Orphans Home." It was testified that to punish a four-year-old girl for soiling her clothes, the defendant tied the child, raised her dress, took down her underclothes, whipped her with switches until the blood came from her skin, laid her down on the floor, rubbed salt and pepper in her nose and mouth with a piece of stiff newspaper, and rubbed quinine and turpentine "in her privates; the pepper was in a pod and she made her drink some." As an additional punishment the defendant ordered two older girls to put the child on a grate in which there was a fire, and told them that if they did not do so she would "break every bone in" them; and they took the child by her hands and feet, put her on the grate, and then sat her down on the fender, and she was burnt. The defendant made her eat pepper pods, rubbed them over her face and nose, and then made her run up and down a hill. She was whipped and burned the same day. There was testimony as to other whippings.

The defendant in her statement at the trial said that she was accused falsely, that the burning of the child was an accident, and the other children did it "more through play and fun;" that she did not tell them to burn the child.

*C. M. Dobbs, Herbert Clay,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.

BROYLES, P. J. The 2d headnote alone needs elaboration. While a little girl, a witness for the State, was being cross-examined, the defendant's counsel propounded to her the following question: "Where do little girls go when they burn little girls?" The witness answered: "They don't go nowhere. if anybody. has told them to do it that is bigger than they are." This answer was followed by loud and general applause in the crowded courtroom. The applause consisted in the clapping of hands and the stamping of feet, and the court immediately called for order. Counsel for the defense at once moved for a mistrial. The court, before allowing counsel to complete his motion, sent the jury to their room, and after they had retired, and while counsel for the defendant was still standing for the purpose of completing his motion, "cautioned and warned the audience that he would not stand for any more applause, or any more disorder of any kind, and that he would fine the first one guilty of either, and would, if necessary, clear the court-room." Counsel for the defense then completed his motion for a mistrial, which the court overruled. The jury were then brought back and the court instructed them as follows: "Gentlemen of the jury, you could'nt help but observe the applause in the court-room when this witness answered the last question asked her. Now, you must not be influenced in any manner, shape, or form by that applause. You must not let that influence your finding one way or the other—you must not be influenced in any way by it. You are trying this case on the evidence adduced on the trial ·of the case, and the statement of the defendant, if she makes one, and under the rules of law the court will give you in charge, and don't let that applause influence you one way or the other. I especially charge you and want to impress upon you that it is your duty to disregard that and not let it have any influence on your mind one way or the other, in making your verdict in the case when finally submitted under the charge of the court."

Under the foregoing facts, and especially since the verdict against the defendant is overwhelmingly supported by the evidence, we do not think this ground of the motion for a new trial requires a reversal of the judgment below. It does not appear that the applause was a demonstration against the defendant. In fact, the circumstances would indicate that it was merely an approval of the ready, witty, and logical answer given by the little witness to the question propounded by defendant's counsel, There was merely a clapping of hands and a stamping of feet. No threats of any kind were made against the defendant, and it does not appear that this applause was liable to intimidate or to prejudice the jury into returning a verdict against the defendant. In this respect the instant case is easily distinguished from the *Woolfolk* case, 81 *Ga.* 551 (8 S. E. 724), and the other cases cited by counsel for the plaintiff in error. Under the circumstances we think the prompt rebuke to the demonstrators by the judge, and his immediate and careful caution to the jury to disregard the applause, was sufficient.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*