### 12309.   CORNETT & COMPANY *v.* NEWSOME.

1. Exceptions pendente lite (although duly allowed and ordered filed as a part of the record) upon which no assignment of error is made in the main bill of exceptions and upon which no assignment of error is made before the argument of the case before this court will not be considered.

2. Isolated and incomplete portions of the charge excepted to cannot be intelligently considered, in the absence of the entire charge, unless the portion of the charge excepted to is without qualification and is inherently erroneous.

3. Where, under a contract of sale, property has been sold and delivered to the buyer, and when the debt matures the buyer fails or refuses to pay it, and the seller thereupon retakes possession· of the property, without authority under the contract itself·or from the maker, and holds it as his own·and does not sell the property or give to the buyer any credit on the debt for its value, the retaking of the property operates as a complete rescission and cancellation of the contract of sale.
DECIDED AUGUST 3, 1921.

Mortgage foreclosure; from City court of Sandersville — Judge Goodwin. March 4, 1921.

Cornett & Company sold to Newsome a pair of mules, to which they retained title by a conditional bill of sale of the mules. As additional security, in the same instrument Cornett & Company took from Newsome a mortgage covering another pair of mules belonging to Newsome. This instrument was in the usual form, and, as to the two mules sold to Newsome, gave to the seller, upon default in payment, no option to retake without legal process the two mules in question. As to the mortgage on the other two mules, the right to retake by the seller upon default was given in the instrument. Newsome failed to pay part of the purchase-price of the two mules on maturity of the obligation in question, and, in the absence of Newsome from home and without legal process, Cornett & Company sent to Newsome's farm and took possession of these two mules, and they subsequently sold the mules for their own benefit, giving to Newsome no credit on the instrument for the amount of the purchase-price. Subsequently Cornett & Company foreclosed the instrument in question as a mortgage, alleging that the entire amount of the principal and interest was due, and the mortgage fi. fa. was levied upon the two mules belonging to Newsome and covered by the mortgage. To the affidavit of foreclosure Newsome filed a counter-affidavit, denying any indebtedness and setting up a rescission of the contract by reason of the retaking and selling by Cornett & Company of the two mules to which title had been retained. On the trial Cornett & Company admitted the retaking and contended that it was with the consent of Newsome and under an express agreement. This was denied by Newsome, who alleged that the retaking was without his consent and without his knowledge, and he asserted that the plaintiffs sent to his home and took the mules without lawful authority and disposed of them without his consent, and that he had protested against the unlawful retaking. The trial court submitted to the jury the question of rescission, and the jury found in favor of the defendant; the plaintiffs' motion for a new trial was overruled, and the case is before this court on exceptions to that judgment. In the motion for a new trial error is assigned upon an extract from the charge of the court, the movant complaining generally that this excerpt was

not sufficient to furnish any "comprehensive idea" of the issues as submitted to the jury by the court. The charge as a whole is not a part of the record in the case. The plaintiffs filed also a demurrer to the defendant's counter-affidavit to the foreclosure proceeding, the demurrer was overruled, and exceptions pendente lite to this ruling were allowed and ordered filed as a part of the record, but in the main bill of exceptions no assignment of error was made as to this judgment, and no assignment of error on the exceptions pendente lite was made in this court.

*Evans & Evans,* for plaintiffs.

*Jordan & Harris,* for defendant.

HILL, J. 1. (After stating the foregoing facts.) The main bill of exceptions fails to show any assignment of error upon the judgment overruling the demurrer, nor does the record show any assignment upon the exceptions pendente lite complaining of that judgment. In the absence of such assignment of error, this court cannot consider the question made on the judgment overruling the demurrer. *Tift* v. *Shiver,* 24 *Ga. App.* 638 (102 S. E. 47) ; *Campbell* v. *State,* 24 *Ga. App.* 138 (100 S. E. 30) ; *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668).

2. In the absence of the entire charge of the trial court, this court cannot intelligently pass upon the isolated fragment of the charge specified and will not consider such detached portion unless the portion of the charge excepted to is without qualification and is inherently erroneous. *Central R.* v. *Senn,* 73 *Ga.* 705; *Mixon* v. *State,* 15 *Ga. App.* 252 (82 S. E. 935) ; *Mills* v. *State,* 133 *Ga.* 155 (65 S. E. 368).

3. The main question in the case is whether or not the facts submitted to the jury were sufficient to support the defense set up, that the retaking of the two mules by the sellers, without authority, and the appropriation of the proceeds thereof to their own use, amounted in law to a rescission of the contract of sale and to a legal cancellation of the contract. The general proposition is well established that when property has been sold and delivered to the buyer under a contract of sale, and the buyer has refused or failed to pay the purchase-money due thereon, and the seller thereupon retakes possession of the property and holds it as his own, or disposes of it for his benefit, and does not give to the buyer any credit on the debt for its value, the re-

taking of the property operates as a complete rescission and cancellation of the contract of sale. This principle is thus stated by the Supreme Court: "When an election is made to take the property itself, and it has been recovered by the plaintiff, this is a rescission of the contract of purchase, and no subsequent action can be had for any further recovery." *Glisson* v. *Heggie,* 105 *Ga.* 34 (31 S. E. 118). In the case of *Pannell* v. *McGarity,* ante, 71 (107 S. E. 352), the court held, in effect, that where the contract of sale contains a provision that if the note is not paid at maturity, the vendor is authorized to repossess himself of the property, to sell it for cash at public outcry, and to credit the proceeds from the sale on the note, this principle is not applicable, and the vendor can also bring suit in trover for the sole purpose of obtaining possession of the property in order that he might sell it and credit the proceeds of the sale on the purchase-money note. There is a great distinction between the case just cited and the facts of the one under consideration. Here no such election was provided for in the contract of purchase, nor did the sellers retake the property and sell it and apply the proceeds as a credit on the purchase-money note, but on the contrary they retook possession of the property without authority and applied it for their own benefit, subsequently bringing a foreclosure suit for the full amount of the note. We think the present case is controlled in principle by the decision of the Supreme Court in *Glisson* v. *Heggie,* supra, and that the conduct of the sellers, in retaking the property and in selling it without authority and without giving to the buyer the benefit of the sale, amounted in law to a full rescission and cancellation of the contract of sale, and that under the evidence the jury were fully authorized to find a verdict in accordance with this principle, in favor of the defendant, and that there was no error in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*