## A91A1154. TERRELL v. THE STATE.
(411 SE2d 779)

POPE, Judge.

Defendant George Terrell appeals his conviction of theft by taking.

1. Defendant first argues he is entitled to a new trial because of reversible error in the charge to the jury. In the course of instructing the jury regarding the credibility of witnesses, the trial judge stated: "[Y]ou are by law made the exclusive judges of the credibility of the witnesses that have testified in this case, and in determining where the preponderance of the evidence lies, you have the right to take into consideration all the facts and circumstances surrounding the case; the witnesses' manner and deportment [et cetera] . . . ." Defendant argues this charge incorrectly stated the burden of proof to be a preponderance of the evidence.

Prior to this portion of the charge, the trial court had given a thorough and complete charge on the proper burden of proof to sustain a conviction. Again, at the conclusion of the charge, the trial court stated that a guilty verdict should be returned "if you should believe beyond a reasonable doubt that the defendant did commit the crime as charged" but that a not guilty verdict should be returned "if you have a reasonable doubt as to his guilt . . . ." Thus, the jury was correctly charged regarding the necessary burden of proof. The lan-

guage to which defendant objects was not given in the context of burden of proof but within that portion of the charge relating to credibility of witnesses. "This incorrect phrase within an otherwise correct statement of law could not have misled the jury where they had previously [and subsequently] heard the correct rule over and over again." *Leonard v. State*, 146 Ga. App. 439, 444 (5) (246 SE2d 450) (1978). This case is materially distinguishable from *Johnson v. State*, 148 Ga. App. 702 (2) (252 SE2d 205) (1979), cited by defendant, in which this court reversed a conviction where the trial court had given two conflicting charges on burden of proof.

2. Defendant also argues the trial court erred in denying his motions to challenge the array of the jury which were made orally, after the jury had been chosen, on the grounds that two separate comments made by the trial judge to prospective jurors before voir dire commenced were prejudicial. "Under OCGA § 15-12-162, a challenge to the jury array must be in writing. [Cit.] The requisite written challenge not having been filed, we do not consider this issue on appeal." *Sexton v. State*, 189 Ga. App. 12 (2) (374 SE2d 824) (1988). Even though we need not consider this issue on appeal, nevertheless we note that the trial court instructed the jury to disregard and not to be prejudiced by one of the comments defendant argues was prejudicial to his client (that the delay in starting proceedings was because defendant was late in arriving at court). Thus, any prejudice to the defendant was corrected by this instruction. The other comment to which defendant took exception could in no way be construed as prejudicial because it consisted of instructing the jury that they should *not* allow themselves to be prejudiced against the defendant by the fact that defendant chose to exercise his right to complete the voir dire of the jury before commencing jury selection.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 24, 1991.

*Jonathan Goldberg*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Rebecca A. Keel, Richard E. Hicks, Assistant District Attorneys*, for appellee.