A91A2103. ALEXANDER v. THE STATE.
(416 SE2d 762)

POPE, Judge.
Defendant Charlie Frank Alexander was convicted of possession of cocaine and appeals.

1. During the charge to the jury, the trial court repeatedly and correctly instructed the jury that the State had the burden of proving defendant's guilt beyond a reasonable doubt. During the charge on judging the credibility of witnesses, however, the trial court made reference to a preponderance of the evidence standard. Defendant argues the instruction was reversible error. Unlike those cases cited by defendant, this is not a case in which the court gave two conflicting charges on the burden of proof. Cf. *Salisbury v. State*, 221 Ga. 718 (2) (146 SE2d 776) (1966); *Johnson v. State*, 148 Ga. App. 702 (2) (252 SE2d 205) (1979). Instead, the only reference to the preponderance of the evidence was limited to the charge on evaluating the credibility of witnesses and did not relate in any way to the standard of proving guilt. Where, as here, the correct charge on burden of proof was given multiple times, an incorrect phrase in an otherwise correct statement of law could not have misled the jury and did not constitute prejudicial error. See *Leonard v. State*, 146 Ga. App. 439 (5) (246 SE2d 450) (1978).

2. Defendant filed a timely demand for scientific reports and pursuant to OCGA § 17-7-211 defendant was entitled to a complete copy of any such report at least ten days prior to trial. More than ten days prior to trial, the prosecuting attorney served upon defendant's attorney a handwritten statement that the crime lab report indicated a

trace of cocaine was found in one of the six bags found at the site where defendant was seen throwing down a bag. An actual copy of the chemical analysis report, however, was not furnished to defendant until the morning the trial began, when the prosecuting attorney first obtained a copy of it. Defendant argues the trial court erred in denying his motion to exclude evidence of the chemical analysis.

We conclude that reversal is required by this court's opinion in *Luck v. State*, 163 Ga. App. 657 (2) (295 SE2d 584) (1982). In that case the prosecuting attorney did not obtain actual possession of a copy of the report of the chemical analysis of the substance defendant was charged with possessing until the day before trial and provided the defendant's attorney with a copy of the report on the morning of trial. The trial court admitted testimony concerning the chemical test. Even though, as in the case at hand, the prosecutor orally informed defense counsel prior to trial of the information he had received from the crime lab, this court held that strict compliance with the statute was required and the conviction was reversed. "[T]o come within the ambit of the statute, a scientific report need not be in the possession of the district attorney. The report is 'discoverable' if it is available to the district attorney. It can not be urged that an existing scientific report in the possession of the state crime lab, as was the report in the instant case, is not 'available' to a district attorney. Accordingly, appellant was entitled to a copy of the report in the instant case and the trial court erred in allowing the testimony based upon the report." Id. at 659.

The State argues that because the prosecuting attorney provided a written summary of the report to defendant's attorney prior to trial, then pursuant to this court's holding in *Moon v. State*, 194 Ga. App. 777 (3) (392 SE2d 19) (1990), the error was harmless. In that case, however, the report in question pertained to the lack of identifiable fingerprints on the packages of drugs the defendants were charged with possessing. This court correctly noted that even if defendants had obtained a copy of the actual report showing the existence of unidentifiable fingerprints and then had been able to supply an independent report identifying them, it was not probable that such evidence would have affected the verdict since such evidence would have been consistent with the reasonable conclusion that defendant had obtained the drugs from someone else. Here, however, as in *Luck*, it was the chemical analysis of the substance, itself, which was not furnished to defendant as required by statute. The chemical analysis was the only evidence presented at trial that the substance the defendant was charged with possessing was an illegal substance. Consequently, as in *Luck*, we must reject the harmless error rationale and require strict compliance with the law. "Accordingly . . . 'the judgment of the trial court is reversed and remanded with direction that testimony

and evidence arising from the (state crime lab's) report be excluded and suppressed from any retrial of this case unless and until the district attorney has fully complied with the provisions of [OCGA § 17-7-211].' *Tanner [v. State*, 160 Ga. App. 266] at 268-269 [(287 SE2d 268) (1981)]." *Luck*, 163 Ga. App. at 659.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 18, 1992 —
RECONSIDERATION DENIED MARCH 13, 1992 — 

*Jonathan Goldberg, James D. Cooper, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Herman L. Sloan, Rebecca A. Keel, Assistant District Attorneys*, for appellee.