### A09A1263. ANGUS v. THE STATE.
(687 SE2d 142)

ADAMS, Judge.

Douglas Angus was indicted for rape, statutory rape, child molestation, enticing a child for indecent purposes, violation of the Georgia Controlled Substances Act, and contributing to the delinquency of a minor. Following a jury trial, he was convicted on all counts except for the drug charge and sentenced to serve 40 years in prison. In his only asserted error, Angus contends he was provided ineffective assistance of counsel when his lawyer requested jury charges that were "clearly inapplicable and unlawful in a criminal case." We conclude the trial court's finding that Angus was afforded effective assistance of counsel was not clearly erroneous.

To prevail on a claim of ineffective assistance of counsel, a defendant has the burden of proving that his counsel's performance was deficient and that as a result the defendant was so prejudiced that, but for counsel's errors, there is a reasonable likelihood of a different result. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Rector v. State*, 285 Ga. 714, 716 (6) (681 SE2d 157) (2009). We look at the disputed conduct from the counsel's perspective at the time the decisions were made, being careful of "the distorting effects of hindsight." *Strickland*, 466 U. S. at 689. Furthermore,

> [j]udicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

(Punctuation omitted.) Id. The standard of review of a trial court's determination as to the effectiveness of counsel is whether the trial court's findings are "clearly erroneous." *Johnson v. State*, 266 Ga.

380, 383 (2) (467 SE2d 542) (1996).

Angus asserts trial counsel performed deficiently when he requested jury charges 28 and 29 because these charges unconstitutionally shifted the burden of proof.[1]

In general, strategic trial tactics are not grounds for finding ineffective assistance of counsel. *Wilburn v. State*, 278 Ga. App. 76, 78 (2) (b) (628 SE2d 174) (2006). Jury charges fall into this category:

> Decisions as to which charges will be requested and when they will be requested fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Citations and punctuation omitted.) *Williams v. State*, 262 Ga. App. 698, 700 (2) (588 SE2d 755) (2003).

1. In charge no. 28, Angus' counsel requested a "presumption of the truth" charge, which also states that the jurors should "decide the case by the preponderance of the evidence":

> I charge you that any conflicts in the evidence are to be reconciled wherever possible. All witnesses are *presumed to speak the truth* and, if possible, you should not attribute a false statement to any of them. If you find that this cannot be done, then you should believe the evidence that is most reasonable and believable to you and *decide the case by the preponderance of the evidence* as you find it to be.

Angus contends counsel should not have requested the charge.

First, it was not objectively unreasonable for Angus' trial counsel to request the "presumption of the truth" portion of the charge. Angus correctly states that such charges are discouraged in criminal trials. *Noggle v. State*, 256 Ga. 383, 385-386 (4) (349 SE2d 175) (1986) (charge "can be misleading and is of little positive value" even though not unconstitutional). However, counsel gave a rational explanation for requesting the charge. The victim admitted that she "lies a lot." And counsel wanted to emphasize that the jury should presume she was telling the truth when she made this statement and therefore conclude she was unreliable. Counsel was aware of *Noggle* but read it primarily to mean that the charge should be used with caution. This reading may not have been wise, but it cannot be

---

[1] While Angus lists requested jury charge no. 30 in his brief as being among the offensive charges, he does not refer to it anywhere in his argument, and it appears that the court did not actually use the charge. Therefore there is nothing to review relative to charge no. 30.

considered as objectively unreasonable. The court in *Noggle* found that it was not unconstitutional to give the charge and only suggested that its use should be discontinued. Id. at 385.

Second, in the last part of the charge, the jury was instructed that they should "decide the case by a preponderance of the evidence as [they] find it to be." Angus contends use of the preponderance standard unconstitutionally lowered the burden of proof for the prosecution and was therefore objectively unreasonable. Reading the charge as a whole, however, we conclude that this language referred only to this section of the jury charge, and therefore there was no reversible error.

Trial counsel testified that he construed this wording to relate solely to charge no. 28. Therefore, "the case" to be decided by a "preponderance of the evidence" was whether a witness is speaking the truth, not whether the accused is guilty of the crime. Angus argues that this charge could create a conflict in the levels of proof with which the jury was charged. See *Johnson v. State*, 148 Ga. App. 702, 704 (2) (252 SE2d 205) (1979). Although use of the wrong standard is unconstitutional, this Court has found repeatedly that where the incorrect language appears in the section of the charge dealing with witness credibility, and the court has otherwise repeatedly charged the correct burden of proof, there is no reversible error. See, e.g., *Alexander v. State*, 203 Ga. App. 375 (1) (416 SE2d 762) (1992) (no error where "preponderance of the evidence" language was "limited to the charge on evaluating the credibility of witnesses" and jury was instructed multiple times on correct burden of proof); *Terrell v. State*, 201 Ga. App. 628, 629 (1) (411 SE2d 779) (1991) (same).

Here, the overall charge contained thirty sections, with charge no. 28 incorporated into the fifth section labeled "Evidence." Just like the charges in *Alexander* and *Terrell*, charge no. 28 dealt specifically with witness credibility. The charge as a whole instructed the jury on the correct burden of proof more than ten times, including in section four labeled "Presumption of Innocence." Not only does this mitigate the prejudicial effect of the charge, but it also supports the reasonableness of trial counsel's request. Because jury charges are part of a counsel's trial tactics, and Angus' trial counsel gave a reasonable explanation for his strategy, this Court should defer to the lower court's finding. Thus, we cannot say the lower court was clearly erroneous when it found Angus' trial counsel's request for the charge objectively reasonable. See *Wilburn*, 278 Ga. App. at 78 (2) (b).

2. In charge no. 29, Angus' counsel requested the jury be

instructed on a presumption arising from the failure to produce evidence:

> I charge you that where a party has evidence by which the party may repel a claim or charge against him/her, and omits to produce it, or having more certain and satisfactory evidence, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted.

Angus contends the charge should not have been requested nor given. We agree. The charge is based upon OCGA § 24-4-22, and it has long been held by Georgia courts not to apply to criminal cases because of its tendency to shift the burden onto the defendant to bring forward evidence in his defense, thereby nullifying the presumption of innocence. *Radford v. State*, 251 Ga. 50, 53 (7) (302 SE2d 555) (1983); *Mills v. State*, 133 Ga. 155, 157-159 (65 SE 368) (1909); *Williams v. State*, 239 Ga. App. 30, 33 (5) (521 SE2d 27) (1999); *Clayton v. State*, 203 Ga. App. 843, 846 (5) (418 SE2d 610) (1992). As the Supreme Court stated in 1909, "We can hardly conceive of a criminal case where an instruction in [this] language . . . would be authorized." *Mills*, 133 Ga. at 157-158.

In each of *Radford*, *Clayton* and *Williams*, the defendant requested the charge to show that the prosecution had evidence it was failing to bring forward. Similarly, Angus' counsel wanted to show the jury that the State possessed but failed to offer evidence of the victim's sexual activity that could have explained the results of her physical examination. He further testified he was unaware of the case law finding use of the charge in criminal trials inappropriate. He did not think the charge would prejudice Angus because he had put forth his best evidence and did not have any inferior evidence. But because Angus was unaware of the long-standing law disallowing the charge in criminal trials, it was objectively unreasonable to request the charge and, therefore, deficient performance.

Nevertheless, *Strickland* requires both deficient performance and prejudice in order to find a trial counsel's assistance ineffective. *Strickland*, 466 U. S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694-695. To determine this, we look to "the way in which a reasonable juror could have interpreted the instruction." *Sandstrom v. Montana*, 442 U. S. 510, 514 (99 SC 2450, 61 LE2d 39) (1979). Therefore, the question we ask is if the reasonable juror would understand the instruction as either: "(1) a conclusive pre-

sumption regarding an essential element or a material allegation of the State's case, or (2) a presumption that shifts the burden of persuasion on an essential element or material allegation to the defendant." *Napier v. State*, 276 Ga. 769, 771 (583 SE2d 825) (2003). We conclude that in the context of the present case, charge no. 29 would not be understood to create a conclusive presumption or shift the burden of persuasion onto Angus, and therefore there was no prejudice.[2]

In order to show a reasonable probability of a different result arising from the jury's consideration of charge no. 29, Angus would have had to show that there existed evidence that he could access, and that the jury knew he could access, and yet he still failed to bring it forward in his defense. See *Mills*, 133 Ga. at 157-159. In the present case the only witnesses to the events were the victim, Angus' son, and Angus himself. Both the victim and Angus' son testified. Angus did not, although the State introduced the video of his interview with the police where he denied the allegations. Therefore the only evidence to which Angus had access that was not presented at trial was his own testimony.

The Supreme Court of Georgia has commented broadly that charges based on OCGA § 24-4-22 would, in theory, apply to all the evidence, including a defendant's failure to testify. *Radford*, 251 Ga. at 53; *Mills*, 133 Ga. at 157-159. However, we find no case law in either this Court or the Supreme Court addressing the specific scenario presented here, i.e., whether in the context of the entire charge, a reasonable juror could have interpreted the OCGA § 24-4-22 instruction as having created a conclusive presumption or shifted the burden of persuasion onto Angus.

In this case, Angus' failure to testify did not confuse the jury because the jury was specifically instructed that Angus had no duty to testify on his own behalf, and they observed the videotape of him denying the charges. The jury was specifically charged, in the paragraph titled "Defendant's Failure to Testify," that Angus had no responsibility to take the stand and that "no inference hurtful, harmful, or adverse to the defendant shall be drawn" by the jury for his failure to testify. Therefore, a juror would have to go to considerable lengths for the charge to have prejudicial effect. In order to

---

[2] Angus did not suffer any prejudice from the trial court's use of charge no. 28, either. The "presumption of truthfulness" language did not create a "conclusive presumption as to a material element of the State's case" because it immediately was followed by language indicating that the jury had the option of finding that a witness had not spoken the truth. *Napier*, 276 Ga. at 771. And Georgia courts have repeatedly found no prejudice where the inappropriate "preponderance of the evidence" language is used in a section dealing solely with witness credibility, and where the jury is otherwise repeatedly charged with the correct burden of proof. *Alexander*, 203 Ga. App. at 375; *Terrell*, 201 Ga. App. at 628.

weigh the charge against Angus, a juror would have to make the connection that the only evidence Angus failed to bring forward was his own testimony, thereby disregarding the video, and then take that negative inference and use it to specifically ignore the section of the charge directly countermanding the inference. This scenario is unlikely.

Rather, because the prosecution was the only party that failed to offer evidence of which the jury was aware (the victim's sexual activities outside of this incident), it is likely that the jury understood the charge as Angus' trial counsel intended. Furthermore, if, as Angus asserts, this charge created the presumption that "the charges contained in the Bill of Indictment were well founded" so long as he failed to testify or otherwise present evidence, then the jury would have found him guilty on all of the charges against him. Yet the jury acquitted him of the drug offense. As the State says, "It is highly unlikely that the jury held the State to [the correct] burden of proof on Count V of the indictment, but applied an erroneous standard when deciding the remaining counts." Therefore, it was not clearly erroneous for the trial court to find that Angus was not prejudiced by request to charge no. 29.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 17, 2009 — 

*Brian Steel*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Sara A. Thompson, Assistant District Attorneys*, for appellee.