### A11A1500. PAGE v. THE STATE.
(722 SE2d 408)

MILLER, Judge.

Following a jury trial, Devin Page was convicted of public drunkenness (OCGA § 16-11-41 (a)). Page appeals from the denial of his motion for new trial, contending that his due process rights were violated because he was not competent to stand trial and his trial counsel should have obtained an independent psychiatric evaluation, rather than rely on state-funded evaluations. Discerning no error, we affirm.

The record shows that following Page's arraignment, the trial court approved appointed counsel's request for a forensic mental evaluation regarding Page's competency to stand trial. A state psychiatrist conducted an initial evaluation in June 2009, and she opined that Page was competent to stand trial. The state psychiatrist re-evaluated Page nearly a month later after he engaged in inappropriate, violent, and disorganized behavior in a subsequent court appearance. At this time, the psychiatrist determined that Page was not competent to stand trial. The trial court then entered a judgment on a special plea of mental incompetency, and ordered that Page be confined in a state facility for the mentally ill.

Page received treatment at Georgia Regional Hospital in an effort to restore his competency, which included treatment with

---

medication. Page was subsequently re-evaluated at Georgia Regional by two other state psychiatrists in April 2010. Both psychiatrists concluded that Page was competent to stand trial because he was aware of the charges against him and the possible consequences of a conviction, he adequately understood the roles of the participants at trial, and he would be able to assist his trial attorney. Based on this evaluation, Page was administratively released from the state mental health facility, and returned to Clayton County Detention Center to await trial. Page was subsequently tried and convicted by a jury in August 2010.

Following his trial, Page underwent another psychological evaluation based on the trial court's referral to assess his competency to stand trial on new felony charges for which he had been indicted.[1] The psychiatrist opined that Page was not competent to stand trial on the new felony charges after evaluating him in September 2010. Page then filed the instant motion for new trial challenging the prior determination of his competency to stand trial in the instant case, which the court denied.

1. Relying on the psychiatrist's opinion issued after his trial, as well as his history of mental health issues, Page contends that he was not competent to stand trial. We disagree.

"Competency involves a defendant's mental state at the time of trial." (Punctuation omitted.) *Wadley v. State*, 295 Ga. App. 556, 558 (672 SE2d 504) (2009). Once competency has been determined, "the appropriate standard of appellate review is whether after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was incompetent to stand trial." (Citation and footnote omitted.) *Sims v. State*, 279 Ga. 389, 391 (1) (614 SE2d 73) (2005). A defendant's burden of establishing incompetency is consistent with the principles of due process. *Traylor v. State*, 280 Ga. 400, 406 (4) (b) (627 SE2d 594) (2006).

> The threshold for competency is easily met in most cases; it exists so long as a defendant is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands.

---

[1] In this other criminal case, Page was charged with the felony offenses of terroristic threats and intimidation of a court officer based on statements he made to the former trial judge in this case, who later recused himself based on this conduct.

(Citation and punctuation omitted.) Id.

Here, the record establishes that there was sufficient evidence to demonstrate Page's competency at the trial in the instant case. Contrary to Page's suggestion, there was no presumption that he was incompetent to stand trial in August 2010. Although he was placed in a state mental health facility after a special plea of incompetency was entered, his release from that center and return to the county detention center based on the state psychiatrist's later determination that he was then mentally competent to stand trial cancelled the presumption of incompetency and raised a presumption of competency. OCGA § 17-7-130 (f); *Newman v. State*, 258 Ga. 428, 429 (1) (369 SE2d 902) (1988).

As to evidence regarding Page's competency, the two psychiatrists who evaluated Page in April 2010 concluded that he was aware of the charges against him and the possible consequences of a conviction, that he adequately understood the roles of the participants at trial, and that he would be able to assist his trial attorney. The psychiatrist who subsequently evaluated Page in September 2010 also found that he appeared to understand the nature and object of the proceedings against him, that he had a reasonable assessment of potential consequences, and that he understood general court procedure. Although the psychiatrist's September 2010 evaluation concluded that Page was not competent to stand trial because "he did not appear fully able to assist his attorney," the record does not demonstrate that Page was unable to do so at the time of his trial in August 2010. Significantly, Page testified at his trial, and the trial court found that his responses were lucid and coherent. During the hearing regarding the motion for new trial, Page's trial counsel testified that Page did an "excellent job" assisting in his defense, that he understood and coherently responded to the questions asked by counsel during his examination, and that he never exhibited any sort of irrational behavior during the trial. Co-counsel who assisted in Page's defense similarly testified that Page helped in his defense, understood the parties' roles, answered questions coherently, and did not say anything unusual or odd during his trial testimony. Co-counsel also testified that the psychiatric report issued after trial did not alter her opinion of Page's trial behavior and competency to stand trial. Considering the evidence in the light most favorable to the state, we conclude that a rational trier of fact could have found that Page failed to prove by a preponderance of the evidence that he was incompetent to stand trial in the instant case. See *Velazquez v. State*, 282 Ga. 871, 875 (1) (655 SE2d 806) (2008).

2. Page next contends that his due process rights were violated when his appointed counsel determined that he did not have the

resources to obtain an independent psychiatric examination and instead relied solely on the evaluations conducted by state psychiatrists. We find no merit to his claim.

Although an indigent defendant has a due process right to obtain funds to hire an expert to examine critical evidence, "this right is not without boundaries," and the right is "contingent on a motion timely made." (Punctuation and footnotes omitted.) *Finn v. State*, 274 Ga. 675, 677 (2) (558 SE2d 717) (2002). Without such motion, "a trial court will find it difficult to assess the need for assistance." (Citation and punctuation omitted.) *Bright v. State*, 265 Ga. 265, 270 (2) (c) (455 SE2d 37) (1995) (noting that the requirements regarding an indigent's request for scientific expert assistance are a corollary of the due process principles of *Ake v. Oklahoma*, 470 U. S. 68 (105 SC 1087, 84 LE2d 53) (1985)). Under *Ake*, if the defendant cannot afford access to a psychiatrist's assistance when he has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the state must provide such access. See *Callaway v. State*, 208 Ga. App. 508, 510 (1) (431 SE2d 143) (1993); *Jackson v. State*, 180 Ga. App. 774, 775 (1) (350 SE2d 484) (1986) ("*Ake*'s guidelines are apropos for competency as well as sanity."). An indigent defendant does not, however, have a constitutional right to "choose a psychiatrist of his personal liking or to receive funds to hire his own." (Citation and punctuation omitted.) *Callaway*, supra, 208 Ga. App. at 510-511 (1).

Here, Page was provided with the assistance of three psychiatrists to address the issue of his competency. His due process rights were not violated because he was not entitled to choose a psychiatrist of his personal liking or to receive funds to hire his own. *Callaway*, supra, 208 Ga. App. at 510-511 (1).

To the extent Page asserts that his trial counsel was ineffective for failing to request an independent evaluation, Page has not established deficient performance by trial counsel. Page's trial counsel testified that he did not believe that an additional evaluation was necessary, because Page had been an excellent client, and he had no doubts regarding Page's competency to stand trial. Co-counsel similarly stated that she would have requested another evaluation if she felt that Page was not competent to stand trial, and the fact that there may or may not have been funds available through her office would not have deterred her from seeking state funds. Co-counsel did not request another evaluation, however, because she concluded that Page was competent to stand trial. As a result, Page has not shown that trial counsel acted unreasonably in relying on the evaluations of state psychiatrists conducted prior to his trial. See *Whitus v. State*, 287 Ga. 801, 803-804 (2) (700 SE2d 377) (2010) ("Ordinarily, [trial counsel's] lack of [an] investigation even when

there has been a previous mental hospitalization is reasonable when an expert has determined that the defendant is fit to stand trial[.]'') (citations and punctuation omitted). The fact that a psychiatric report was issued after trial does not demonstrate that counsel performed deficiently at the time of trial. See generally *Angus v. State*, 301 Ga. App. 92 (687 SE2d 142) (2009) (''We look at the disputed conduct from the counsel's perspective at the time the decisions were made, being careful of the distorting effects of hindsight.'') (citation and punctuation omitted).

Accordingly, we affirm because Page did not establish that he was incompetent to stand trial or that his due process rights were otherwise violated.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED JANUARY 26, 2012.

*Larry M. Melnick*, for appellant.

*Tasha M. Mosley, Solicitor-General, Stacey M. Goad, Assistant Solicitor-General*, for appellee.

